FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 28 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-10123 |
| Plaintiff - Appellee, | D.C. No. 2:08-CR-00097-JCM-RJJ |
| v. | |
| RODRIGO LIZARRAGA-BELTRAN, | MEMORANDUM [*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted September 2, 2009 [**]
San Francisco, California

Before: HUG, SKOPIL and BEEZER, Circuit Judges.

Rodrigo Lizarraga-Beltran appeals his 84-month sentence for violation of

8 U.S.C. § 1326, unlawful reentry of a removed alien, as substantively

unreasonable. He specifically argues that the district court unreasonably applied

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the 16-level enhancement under U.S. Sentencing Guidelines § 2L1.2(b)(1)(A)(i) for a previous felony drug-trafficking conviction for which the sentence imposed exceeded 13 months. Mr. Lizarraga contends this enhancement was substantively unreasonable under the 18 U.S.C. § 3553(a) factors because "the staleness of his predicate felony, his chronic health issues and advanced age are all unique circumstances" that require a sentence lower than the Guidelines range. We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291. We review the substantive reasonableness of a sentence for abuse of discretion. *United States v. Carty*, 520 F.3d 984, 988 (9th Cir. 2008). We affirm.

Mr. Lizarraga primarily relies on *United States v. Amezcua-Vasquez*, 567 F.3d 1050 (9th Cir. 2009), to argue that the predicate drug-trafficking offense was "stale." In *Amezcua-Vasquez*, we concluded that although "[i]t is not *per se* unreasonable to apply the enhancement when the conviction is too stale to be counted for purposes of the criminal history," it was unreasonable to apply the enhancement under the circumstances of that case. *Id.* at 1054. The facts of this case are entirely different.

As opposed to the defendant in *Amezcua-Vasquez*, Mr. Lizarraga's 2004 predicate conviction was *not* too stale to be counted for purposes of criminal history. *See id.* Indeed, his conviction was only five years old rather than 25 years old as in *Amezcua-Vasquez*. *See id.* at 1052. Mr. Lizarraga committed the

predicate offense 11 years prior to his § 1326 conviction, rather than 25 years previously as in *Amezcua-Vasquez*. *See id.* Mr. Amezcua had a criminal-history category of II. *Id.* Mr. Lizarraga's was VI—the highest category. Mr. Amezcua had no § 2L1.2 crimes in the past twenty years. *Id.* at 1056. Mr. Lizarraga had three convictions after the predicate offense that would have qualified for § 2L1.2 enhancements: felony possession of narcotics, felony driving or taking of a vehicle, and the aggravated felony of receiving stolen property.

In discussing the § 3553 factors, the district court stated that Mr. Lizarraga's "long sentence" was "warranted by the defendant's criminal history." The district court did not abuse its discretion in making this determination. *See United States v. Becerril-Lopez*, 541 F.3d 881, 894 (9th Cir. 2008) (concluding that the district court did not abuse its discretion because "it considered the § 3553(a) factors, and indicated that it considered the most salient feature of Becerril's individual circumstances to be his extensive criminal history").

Likewise, the district court did not abuse its discretion in concluding that Mr. Lizarraga's extensive criminal history outweighed the countervailing considerations of his poor health and opportunity to work on the family ranch. "Circumstances may well make clear that the [sentencing] judge rests his decision upon the Commission's own reasoning that the Guidelines sentence is a proper sentence (in terms of § 3553(a) and other congressional mandates) in the typical

case, and that the judge has found that the case before him is typical.'" *Carty*, 520

F.3d at 995 (quoting *Rita v. United States*, 551 U.S. 338, 357 (2007)).

**AFFIRMED.**