# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 8, 2012

Lyle W. Cayce
Clerk

No. 11-20267
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

VICTOR HUGO ALEGRIA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CR-421-1

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Victor Hugo Alegria appeals the 46-month within-guidelines sentence imposed by the district court for his conviction for illegal reentry into the United States after deportation following an aggravated felony conviction. He argues that the sentence is substantively unreasonable because U.S.S.G. § 2L1.2 is not empirically based, the sentence is disproportionate to the actual crime because it is essentially a trespass, and his prior drug conviction is stale. Because Alegria did not raise these arguments in the district court, review of them is

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

limited to plain error. *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). Alegria further asserts that the district court failed to consider his cultural assimilation into the Untied States as a basis for a downward departure or variance.  He preserved this argument for appeal by first raising it in the district court. *See Rita v. United States*, 551 U.S. 338, 351 (2007).

Alegria does not contend that the district court committed any procedural error regarding his sentence.  Thus, we confine our review to whether the sentence is substantively unreasonable. *See Gall v. United States*, 552 U.S. 38, 51 (2007).  We have consistently rejected Alegria's argument that § 2L1.2 results in an excessive sentence because it is not empirically based. *See United States v. Duarte*, 569 F.3d 528, 529-30 (5th Cir. 2009).  We have also held that "the staleness of a prior conviction used in the proper calculation of a guidelines-range sentence does not render a sentence substantively unreasonable," nor does it "destroy the presumption of reasonableness that attaches to such sentences." *United States v. Rodriguez*, 660 F.3d 231, 234 (5th Cir. 2011).  We have also rejected Alegria's argument that his sentence is disproportionate to his actual crime because it is essentially a trespass. *See United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006); *see also United States v. Cardenas-Alvarez*, 987 F.2d 1129, 1133-34 (5th Cir. 1993).

The district court considered the Presentence Report, Alegria's objections and request for a downward variance based on his cultural assimilation, and his arguments and allocution at sentencing. The district court implicitly rejected his arguments and determined that a within-guidelines sentence was appropriate. Alegria has not shown that his sentence does not account for a factor that should receive significant weight, gives significant weight to an irrelevant or improper factor, or represents a clear error of judgment in balancing the sentencing factors. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

Accordingly, the district court's judgment is AFFIRMED. The Government's motion for summary affirmance is DENIED. *See United States*

*v. Holy Land Found. for Relief & Dev.*, 445 F.3d 771, 781 (5th Cir. 2006). Because no further briefing is required, the Government's motion for an extension of time to file a brief is DENIED.