# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 10, 2012

Lyle W. Cayce
Clerk

No. 11-50747
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GUSTAVO OLMOS-AMADOR, Also Known as Gustavo Olmos,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
No. 3:11-CR-992-1

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Gustavo Olmos-Amador pleaded guilty of illegal reentry after deportation in violation of 8 U.S.C. § 1326 and was sentenced to forty-one months of impris-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

onment and three years of supervised release. He argues that the sentence is substantively unreasonable because it is greater than necessary to achieve the goals of 18 U.S.C. § 3553(a). He contends that the illegal-reentry guideline, U.S.S.G. § 2L1.2, is not empirically based. He maintains, in reliance on *Kimbrough v. United States*, 552 U.S. 85, 109-10 (2007), that the presumption of reasonableness should not apply, but he concedes that his argument is foreclosed by *United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009); he raises it to preserve it for possible review by the Supreme Court.

He further argues that the age of his conviction, his subsequent work history and devotion to his family, and his motive for returning to the United States—to be with his family, in particular, his aging and ill parents—made a sentence within the guideline range greater than necessary to meet the goals. As he so concedes, his argument that the presumption of reasonableness should not apply to his sentence because § 2L1.2 lacks empirical support has been rejected by this court. S*ee id.* (rejecting the notion that this court should examine the empirical basis behind each guideline before applying the presumption of reasonableness); *see also United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009) (holding that *Kimbrough* does not require discarding the presumption of reasonableness for sentences based on non-empirically-grounded guidelines).

Before imposing a sentence within the advisory guideline range, the district court heard the arguments of Olmos-Amador and his counsel concerning his reasons for reentering the United States. The district court considered Olmos-Amador's personal history and characteristics and the other statutory sentencing factors in § 3553(a), in particular Olmos-Amador's conviction for second degree murder. The within-guideline sentence is entitled to a presumption of reasonableness. *See Rita v. United States*, 551 U.S. 338, 347 (2007). Olmos-Amador's argument concerning his benign motive for reentry—to be with his aging and ill parents—fails to rebut that presumption. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008) (affirming sentence as rea-

sonable where defendant's asserted motive for returning was to see his ailing father before he died).

Regarding his argument based on the age of his conviction, we have held that "the staleness of a prior conviction used in the proper calculation of a guidelines-range sentence does not render a sentence substantively unreasonable and does not destroy the presumption of reasonableness that attaches to such sentences." *United States v. Rodriguez*, 660 F.3d 231, 234 (5th Cir. 2011). Olmos-Amador has failed to show that the presumption should not apply. The district court did not abuse its discretion in imposing a sentence within the range. *See Gall v. United States*, 552 U.S. 38, 50-51 (2007).

Accordingly, the judgment is AFFIRMED.