[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-14620
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 7, 2010
JOHN LEY
CLERK

D. C. Docket No. 05-00315-CR-T-24TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MIGUEL ANGEL VELASQUEZ-SANTOS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 7, 2010)

Before BLACK, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Miguel Velasquez-Santos appeals his sentence to 42 months of

imprisonment for reentering the United States after being convicted of an aggravated felony. 8 U.S.C. §§ 1326(a), (b)(2). Velasquez-Santos argues that his sentence is unreasonable. We affirm.

The presentence investigation report increased Velasquez-Santos's base offense level by 16 points because he previously had been deported after his conviction for a violent felony. United States Sentencing Guideline § 2L1.2(b)(1)(A)(ii) (Nov. 2008). The report provided a guideline range of 37 to 46 months of imprisonment. The report stated that Velasquez-Santos had been convicted in a Florida court in 1999 of attempted second-degree murder and sentenced to 20 years of imprisonment, but that sentence had been suspended for Velasquez-Santos to serve 90 days in jail and eight years of probation. Over the next six years, Velasquez-Santos was convicted of trespass, disorderly conduct, and driving under the influence, and he was deported in 2004 after a Florida court revoked his probation for driving with a suspended license.

The presentence report also described Velasquez-Santos's earlier convictions and arrests. Between 1989 and 1996, Velasquez-Santos had been convicted of four counts of battery, three counts of resisting an officer, two counts of disorderly intoxication, assault, and improper exhibition of a dangerous weapon, and he received suspended sentences, probation, and counseling. Between 1981

and 1985, Velasquez-Santos had been arrested for ten offenses: three instances of aggravated assault, maiming "with intent," aggravated battery with a firearm, battery, domestic assault, possession of marijuana, driving under the influence, and drunkenness.

Velasquez-Santos objected to a 16-point enhancement of his base offense level. Velasquez-Santos argued that application of the enhancement would yield a sentence greater than necessary. 18 U.S.C. § 3553(a)(2). Velasquez-Santos argued that his 1999 conviction was stale and the enhancement was disproportionate to the nature and circumstances of his offense.

At the sentencing hearing, the district court commented that Velasquez-Santos had received a "very light sentence" for the "serious crime" of attempted murder. The district court stated that Velasquez-Santos had a "substantial criminal history," and the court recited his prior convictions. The district court remarked that, because Velasquez-Santos's "criminal history" was "awful," it was "hard . . . to say that he doesn't deserve a sentence within the guidelines."

Velasquez-Santos's daughter testified, and the district court stated that it was "affected" by her testimony and acknowledged that the sentence would be "hardest on the family." The district court concluded that Velasquez-Santos "knew he could not come back into the United States" and he had "to be [held] responsible

3

for his own actions." The district court, "having considered the advisory guidelines" and the sentencing factors, sentenced Velasquez-Santos to 42 months of imprisonment.

Velasquez-Santos argues that his sentence is procedurally and substantively unreasonable, but we disagree. The district court considered the sentencing factors, Velasquez-Santos's arguments, and imposed a sentence within the guideline range. See 18 U.S.C. §§ 3553(a), (c); Rita v. United States, 551 U.S. 338, 356, 127 S. Ct. 2456, 2468 (2007). The district court reasonably determined that a sentence of 42 months of imprisonment would address Velasquez-Santos's "substantial criminal history," punish him for his willful reentry into the United States, and deter similar future conduct. The district court did not abuse its discretion.

**AFFIRMED**.