**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 7, 2011

No. 10-41188

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE GONZALO RODRIGUEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas

Before REAVLEY, ELROD, and GRAVES, Circuit Judges.

ELROD, Circuit Judge:

Defendant-Appellant Jose Gonzalo Rodriguez appeals his sentence of 27 months imprisonment and three years of supervised release for illegal reentry after deportation. We affirm.

Jose Gonzalo Rodriguez pleaded guilty without the benefit of a plea agreement to illegal reentry after deportation. He argues that the 27-month sentence he received is substantively unreasonable because it improperly considered a "stale" prior conviction, and because the sentencing judge failed to give sufficient consideration to his cultural assimilation.

No. 10-41188

At sentencing, the probation officer assigned Rodriguez a total offense level of 18, reflecting a 12-level enhancement for a 1990 felony drug trafficking conviction under § 2L1.2(b)(1)(B). At trial, Rodriguez filed objections to the Pre Sentencing Report (PSR) and requested a downward variance or departure based on his cultural assimilation and the staleness of the 1990 conviction. At the sentencing hearing, defense counsel stated that the U.S. Sentencing Guidelines calculations in the PSR were correct and reiterated the request for a sentence below 27 months due to the age of Rodriguez's prior drug conviction and his cultural assimilation. Rodriguez was allowed to speak in mitigation of sentence.

The district court stated that it had reviewed "all the information" in the PSR and observed that Rodriguez came to the United States when he was ten years old. The court expressed concern about the rapidity of Rodriguez's return to the United States after having been deported for his drug conviction. The court sentenced Rodriguez to 27 months of imprisonment and three years of supervised release. Following the imposition of sentence, defense counsel objected that the court had not adequately considered the factors under 18 U.S.C. § 3553(a) and that the sentence was greater than was sufficient or necessary in Rodriguez's case. The court responded that it had considered all the factors but "specifically believe[d] that the sentence is necessary in this case to reflect the seriousness of the offense [and] to afford adequate deterrence to future criminal conduct. And even those factors that the court didn't specifically touch on the court did consider."

Jose Gonzalo Rodriguez now appeals a 27-month within-guidelines sentence, arguing that it is substantively unreasonable. As a threshold matter, Rodriguez argues that the presumption of reasonableness should not apply to his within-guidelines sentence on appellate review because the guideline upon which it is based, U.S.S.G. § 2L1.2, is penologically flawed and not the result of

empirical evidence or study. These arguments are foreclosed by this court's decisions in *United States v. Mondragon-Santiago*, 564 F.3d 357, 367 (5th Cir. 2009) and *United States v. Duarte*, 569 F.3d 528, 529–531 (5th Cir. 2009).

Rodriguez further asserts that, even if the presumption of reasonableness applies, it is rebutted by the facts and circumstances of this case. Specifically, he argues that (1) the 12-level increase in his offense level was excessive because he committed the felony drug offense in 1990 and (2) the district court failed to accord sufficient weight to his cultural assimilation. This court reviews sentences for reasonableness in light of the sentencing factors in § 3553(a), engaging in a bifurcated analysis of the sentence imposed by the district court. *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Delgado-Martinez*, 564 F. 3d 750, 762 (5th Cir. 2009); *United States v. Mares*, 402 F.3d 519–520.

Rodriguez does not contend that the district court's decision is procedurally unsound. When there are no procedural errors, this court will then "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard" and will "take into account the totality of the circumstances." *Gall*, 552 U.S. at 51. A sentence within the range suggested by the guidelines is entitled to a rebuttable presumption of reasonableness. *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006); *see also Rita v. United States*, 551 U.S. 338, 347 (2007) (holding that an appellate court may apply a presumption of reasonableness to a sentence within a properly-calculated guidelines range).

Rodriguez cites *United States v. Amezcua-Vasquez*, 567 F.3d 1050, 1055–58 (9th Cir. 2009), for the contention that the rote application of a prior conviction to effect a guideline range enhancement may result in a substantively unreasonable sentence in situations such as his where the prior conviction is old. In *Amezcua-Vasquez*, the Ninth Circuit held that a 16-level enhancement based on a 25-year-old conviction for attempted manslaughter and assault was an

abuse of the district court's discretion and was substantively unreasonable. *Amezcua-Vasquez* was issued by another circuit and is not binding on this court. *See Newby v. Enron Corp.*, 394 F.3d 296, 309 (5th Cir. 2004). The court noted that *Amezcua-Vasquez* was intended to be "limited in scope" — that is, bound by the case's particular facts. Subsequent Ninth Circuit cases citing *Amezcua-Vasquez* have distinguished on its facts. *See, e.g., United States v. Valencia-Barragan*, 608 F.3d 1103, 1109 (9th Cir. 2010), *cert. denied*, 131 S. Ct. 539, 178 L. Ed. 2d 396 (U.S. 2010); *United States v. Lizarraga-Beltran*, 363 F. App'x 516, 517 (9th Cir. 2010).

Other circuits have confronted the same argument, but have not used *Amezcua-Vasquez* or its reasoning to overturn a sentence as substantively unreasonable. The Second Circuit distinguished *Amezcua-Vasquez* from the facts of the case in *United States v. Montague*, and found that the sentence imposed was not substantively unreasonable despite the age of the defendant's prior convictions. 376 F. App'x 124, 127 (2d Cir. 2010). The Sixth Circuit, in *United States v. Brissett*, 375 F. App'x 473 (6th Cir. 2010), approved of *Amezcua-Vasquez*, but declined in both *Brissett* and in *United States v. Lafarga*, 395 F. App'x 257, 263 (6th Cir. 2010), to apply it. In each case, the court rejected the defendant's arguments and upheld the sentence. The Seventh Circuit, considering an appeal that raised, among other issues, the age of prior convictions, noted that a district court judge is never required to deviate from the sentencing guidelines. *United States v. Moreno-Padilla*, 602 F.3d 802, 812 (7th Cir. 2010). The Tenth Circuit cited *Amezcua-Vasquez*'s central proposition approvingly, but has twice found it to be inapplicable. *United States v. Chavez-Suarez*, 597 F.3d 1137, 1138 (10th Cir. 2010), *cert. denied*, 131 S. Ct. 286, 178 L. Ed. 2d 188 (U.S. 2010) (the staleness of a conviction "may under certain circumstances warrant a variance below the guidelines."). *But see United States v. Diaz-Gutierrez*, 366 F. App'x 955, 959 (10th Cir. 2010) (declining to apply

*Amezcua-Vasquez* to the facts of the case).  The Eleventh Circuit, without citing to *Amezcua-Vasquez*, rejected its base proposition in an unpublished decision in *United States v. Terrazas-Hernandez*, 404 F. App'x 356, 358 (11th Cir. 2010). The court stated that "[t]he age of the prior conviction is irrelevant to the application of the enhancement. Accordingly, the district court did not err by applying the enhancement or by refusing to grant a downward variance to minimize or eliminate the enhancement's adverse impact on his guideline range." *Id.* The Eleventh Circuit reached the same conclusion in *United States v. Velasquez-Santos*, 381 F. App'x 936 (11th Cir. 2010).

This court has never considered in a published opinion whether the staleness of a prior conviction used in a guidelines calculation renders the sentence imposed substantively unreasonable.  However, in an unpublished opinion, this circuit declined to adopt or apply *Amezcua-Vasquez*'s reasoning. *United States v. Gonzalez-Valencia*, 401 F. App'x 888, 888 (5th Cir. 2010). Moreover, in a series of other unpublished opinions, this court has repeatedly rejected the argument that the staleness of a defendant's prior conviction renders a within-range sentence substantively unreasonable.  *United States v. Leonardo*, 408 F. App'x 866 (5th Cir. 2011); *United States v. Perales-Carrizales*, 2011 U.S. App. LEXIS 5760 at *3–4 (5th Cir. Mar. 17, 2011); *United States v. Martinez-Ledesma*, 367 F. App'x 501 (5th Cir. 2010); *United States v. Segovia-Castillo*, 399 F. App'x 14 (5th Cir. 2010); *United States v. Sura-Villalta*, 380 F. App'x 407 (5th Cir. 2010); *United States v. Salas-Velasquez*, 379 F. App'x 315 (5th Cir. 2010); *United States v. Mireles-Rodriguez*, 2010 US App. LEXIS 25404 (5th Cir. Dec 13, 2010); *United States v. Noriega-Cisneros*, 311 F. App'x 716, 718 (5th Cir. 2009); *United States v. Ortiz-Arriaga*, 355 F. App'x 849 (5th Cir. 2009); *United States v. Gonzales-Torres*, 288 F. App'x 927 (5th Cir. 2008); *United States v. Gomez-Herrera*, 523 F.3d 554 (5th Cir. 2008); *United States v. Campos-Maldonano*, 531 F.3d 337 (5th Cir. 2008); *United States v. Castillo*, 294 F. App'x

No. 10-41188

855 (5th Cir. 2008); *United States v. Stanley*, 281 F. App'x 370 (5th Cir. 2008); *United States v. Perez-Jimenez*, 250 F. App'x 93 (5th Cir. 2007). In these cases, this court has emphasized the presumption of reasonableness that attaches to a sentence within the guidelines range, and has found that the appellant's arguments were not sufficient to rebut that presumption. *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006) (stating the rebuttable presumption of reasonableness). We adopt the conclusion of these unpublished opinions and hold that the staleness of a prior conviction used in the proper calculation of a guidelines-range sentence does not render a sentence substantively unreasonable and does not destroy the presumption of reasonableness that attaches to such sentences.

Rodriguez also avers that the district court erred in failing to accord proper weight to his cultural assimilation. Although cultural assimilation can be a mitigating factor and form the basis for a downward departure, nothing requires "that a sentencing court must accord it dispositive weight." *See* § 2L1.2, comment. (n.8) (2010); *United States v. Lopez-Velasquez*, 526 F. 3d 804, 807 (5th Cir. 2008). Moreover, the district court considered and rejected Rodriguez's arguments for a sentence below the advisory guidelines range after considering the sentencing factors of 18 U.S.C. § 3553(a) and the arguments made during allocution. The court determined that a sentence at the bottom of the guidelines range was appropriate. A defendant's disagreement with the propriety of the sentence imposed does not suffice to rebut the presumption of reasonableness that attaches to a within-guidelines sentence. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565–66 (5th Cir. 2008). The district court did not abuse its discretion by imposing a 27-month sentence here. *See Gall*, 552 U.S. at 51.

For the foregoing reasons, the district court's judgment is AFFIRMED.