# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 3, 2012

Lyle W. Cayce
Clerk

No. 11-20186
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

DAVID EDGAR HERNANDEZ VEGA, also known as David Edgar Hernandez,
also known as David Frank Hernandez Vega, also known as David Hernandez,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CR-504-1

Before BARKSDALE, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

David Edgar Hernandez Vega challenges the sentence imposed following his guilty-plea conviction for illegal reentry after being deported for a 2001 aggravated-felony conviction. The district court sentenced him, *inter alia*, to 46-months' imprisonment, within his advisory Sentencing Guidelines range. Vega challenges only the substantive reasonableness of the sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-20186

Review is for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). Because Vega's sentence was within his advisory Guidelines range, it is presumptively reasonable. *E.g.*, *United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008). (And, as he concedes, but presents for possible future review, Vega's assertion that the presumption of reasonableness should not apply to within-Guidelines sentences under Guideline § 2L1.2 because § 2L1.2 was not based on empirical evidence is foreclosed by our precedent. *E.g.*, *United States v. Rodriguez*, 660 F.3d 231, 232-33 (5th Cir. 2011)).

Vega contends the district court failed to give adequate weight to his cultural assimilation in the United States. The court considered Vega's cultural-assimilation contentions, but found that a sentence at the bottom of his Guidelines range was appropriate. "[T]he sentencing judge is in a superior position to find facts and judge their import under [18 U.S.C.] § 3553(a) with respect to a particular defendant". *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008). Vega has not shown sufficient reasons to disturb the presumption of reasonableness given his sentence.

Vega also contends the district court failed to consider adequately the time between the instant conviction and his convictions as a teenager. Because he did not raise this point in district court, review is for plain error only. *E.g.*, *United States v. Gutierrez*, 635 F.3d 148, 152 (5th Cir. 2011). In any event, "the staleness of a prior conviction used in the proper calculation of a guidelines-range sentence does not render [it] substantively unreasonable". *Rodriguez*, 660 F.3d at 234.

AFFIRMED.