**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 23, 2012

Lyle W. Cayce
Clerk

No. 11-50389
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALFREDO MIRANDA-PINEDA, also known as Huber Godoy-Sanchez,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:10-CR-2696-1

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Alfredo Miranda-Pineda appeals his sentence following his conviction for illegal reentry into the United States. The Government moves for summary affirmance or, alternatively, for an extension of time to file an appellate brief. Miranda-Pineda opposes summary affirmance.

The district court sentenced Miranda-Pineda within his advisory guidelines range to 57 months of imprisonment and two years of nonreporting supervised release. Miranda-Pineda challenges only the substantive

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reasonableness of his sentence. The substantive reasonableness of a sentence is reviewed under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). Because Miranda-Pineda's sentence was within his advisory guidelines range, his sentence is presumptively reasonable. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).

Miranda-Pineda wishes to preserve for further review the argument that the presumption of reasonableness should not apply to within-guidelines sentences calculated under U.S.S.G. § 2L1.2 because § 2L1.2 lacks an empirical basis and double counts criminal history. As conceded by him, such an argument is foreclosed by our precedent. *See United States v. Rodriguez*, 660 F.3d 231, 232-33 (5th Cir. 2011); *United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009).

Miranda-Pineda contends that his guidelines range was too severe because the 16-level enhancement under § 2L1.2(b)(1)(A) was applied to him without consideration of his age and the remoteness of the prior conviction that triggered the enhancement. According to Miranda-Pineda, the 16-level enhancement is flawed because it lacks an empirical basis and utilizes a blanket approach in which defendants like him are treated the same as young defendants with multiple recent convictions for violent crimes. He asserts that he is a 50-year-old man who lacks any prior convictions in the past decade and that his 1994 conviction triggering the 16-level enhancement occurred nearly two decades ago. He also contends that his guidelines range overstated the seriousness of his instant illegal reentry offense and failed to account for his personal history and circumstances.

The district court listened to Miranda-Pineda's arguments for a lesser sentence but found that a sentence at the bottom of his guidelines range was appropriate. "[T]he sentencing judge is in a superior position to find facts and judge their import under [18 U.S.C.] § 3553(a) with respect to a particular defendant." *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir.

2008).  Miranda-Pineda has not shown sufficient reason for this court to disturb the presumption of reasonableness applicable to his sentence.  *See Rodriguez*, 660 F.3d at 234; *Duarte*, 569 F.3d at 529-31; *Gomez-Herrera*, 523 F.3d at 565-66.

Although we conclude that the judgment may be affirmed without further briefing, summary affirmance is not appropriate.  *See United States v. Holy Land Found. for Relief & Dev.*, 445 F.3d 771, 781 (5th Cir. 2006).  Thus, we deny the Government's motion for summary affirmance or, alternatively, for an extension of time to file a brief.

AFFIRMED; MOTION DENIED.