# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 14, 2012

Lyle W. Cayce
Clerk

No. 11-20329
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JUAN LUCIO, also known as Juan Joe Lucio, also known as Juan Luci,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CR-680-1

Before BARKSDALE, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

Juan Lucio appeals the 46-month, within-Guidelines sentence, imposed following his guilty-plea conviction for illegal reentry, in violation of 8 U.S.C. § 1326. Although acknowledging that a within-Guidelines sentence is presumed reasonable, Lucio contends his sentence is substantively unreasonable because it exceeds what is necessary to comply with 18 U.S.C. § 3553(a)(2). Lucio's having preserved this issue, review is for abuse of discretion. *E.g.*, *United States v. Rodriguez*, 660 F.3d 221, 233 (5th Cir. 2011).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Lucio can rebut the presumptive reasonabless of his sentence only by showing that it:  does not account for a factor that should receive significant weight; gives significant weight to an irrelevant or improper factor; or represents a clear error of judgment in balancing sentencing factors.  *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).  Neither the age of the prior conviction used to enhance Lucio's sentence nor his cultural assimilation rebuts the presumption.  *Rodriguez*, 660 F.3d at 234-35.  Further, the record reflects the district court considered Lucio's family's mistaken belief that Lucio could stay in this country, despite his illegal-reentry conviction, as a factor that weighed against cultural assimilation, not as an aggravating factor, as Lucio suggests.

AFFIRMED.