# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 22, 2012

Lyle W. Cayce
Clerk

No. 11-40807
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CRUZ MURO-VALDEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:11-CR-261-1

Before BENAVIDES, STEWART, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Cruz Muro-Valdez (Muro) appeals the 46-month sentence imposed following his guilty plea conviction of illegal reentry. He argues that the within guidelines sentence is procedurally and substantively unreasonable.[1] Muro

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] He also raises, solely for purposes of preserving for further appellate review, the argument that the presumption of reasonableness afforded within guidelines sentences should not apply to sentences calculated under U.S.S.G. § 2L1.2 because that Guideline is flawed. He concedes, however, that his argument is foreclosed by circuit precedent. *See, e.g., United States v. Mondragon-Santiago*, 564 F.3d 357, 367 (5th Cir. 2009).

argues that the district court failed to adequately explain the sentence because the court did not specifically address his nonfrivolous arguments in support of a below guidelines sentence in light of a then pending amendment to § 2L1.2(b)(1)(B). He also argues that the sentence is substantively unreasonable based on the staleness of the offense underlying the § 2L1.2(b)(1)(B) adjustment and the district court's erroneous evaluation of the seriousness of his prior criminal history.

This court ordinarily reviews sentences for reasonableness by engaging in a bifurcated review. *See Gall v. United States*, 552 U.S. 38, 51 (2007). First, this court must ensure that the sentencing court committed no significant procedural error, such as "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence - including an explanation for any deviation from the Guidelines range." *Id.* If the sentence is procedurally sound, this court then considers whether the sentence is substantively reasonable. *Id.*

Muro did not object to the sentence below, and correctly concedes that review is for plain error. *See United States v. Mondragon-Santiago,* 564 F.3d 357, 361 (5th Cir. 2009). To show plain error, the appellant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If the appellant makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Where a district court "decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation." *Rita v. United States*, 551 U.S. 338, 356 (2007). "Where the defendant or prosecutor presents nonfrivolous reasons for imposing a different sentence, however, the judge will normally go further and explain why he has rejected those

arguments." *Id.* at 357. This explanation by the district court will "allow for meaningful appellate review." *Gall*, 552 U.S. at 50.

At sentencing, Muro argued that he should be sentenced to 24 months of imprisonment because a proposed amendment to § 2L1.2(b)(1)(b) would reduce the adjustment to his offense level based on a stale conviction from 12 levels to eight levels. As a result of the application of the proposed amendment, the guidelines range of imprisonment would be reduced from 37 to 46 months to 24 to 30 months. The district court stated that the court was aware of the proposed amendment to the guidelines. In rejecting Muro's request for a below guidelines sentence based on the application of that amendment, the district court explained that a guidelines sentence was warranted based on Muro's five prior deportations and his extensive criminal history. The district court based the sentence on Muro's characteristics and history and the need to protect the public from his dangerous criminal behavior, namely, his repeated impaired driving offenses. The record shows that the court listened to Muro's statements and counsel's arguments at the sentencing hearing and gave reasons for rejecting the request for a below guidelines sentence. The district court's explanation was adequate and did not constitute reversible plain error. *See Mondragon-Santiago*, 564 F.3d at 362-65.

Because Muro's sentence was within the guidelines range, his sentence is presumptively reasonable. *See United States v. Cooks,* 589 F.3d 173, 186 (5th Cir. 2009). The presumption of reasonableness "is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *Cooks*, 589 F.3d at 186.

This court has recognized that "the staleness of a prior conviction used in the proper calculation of a guidelines-range sentence does not render a sentence substantively unreasonable," nor does it "destroy the presumption of

reasonableness that attaches to such sentences." *See United States v. Rodriguez*, 660 F.3d 231, 234 (5th Cir. 2011). The subsequent amendment of § 2L1.2(b)(1)(B) does not undermine the reasoning in *Rodriguez*. *Cf. United States v. Scott*, 654 F.3d 552, 557-58 (5th Cir. 2011). Furthermore, Muro's disagreement with the district court's assessment of the seriousness of his criminal history is insufficient to rebut the presumption of reasonableness afforded his within guidelines sentence. *See United States v. Ruiz,* 621 F.3d 390, 398 (5th Cir. 2010).

Muro fails to overcome the presumption that his sentence was substantively reasonable, *see Cooks,* 589 F.3d at 186, and has not demonstrated that the district court plainly erred in imposing the 46-month sentence. *See Puckett*, 556 U.S. at 135. Accordingly, the judgment is AFFIRMED.