**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 17, 2012

No. 11-50753
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SALVADOR GARCIA-RAMIREZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:10-CR-1029-1

Before WIENER, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Salvador Garcia-Ramirez (Garcia) appeals the 54-month within-guidelines sentence imposed following his guilty-plea conviction for illegal reentry into the United States following deportation. Garcia challenges the substantive reasonableness of his sentence, claiming that illegal reentry guidelines lack an empirical basis and that sentences based on those guidelines should not be afforded a presumption of reasonableness. He also contends that the conviction used to enhance his sentence was more than ten

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

years old and that he would not have received as great an increase in offense level based on the 2011 amendments to U.S.S.G. § 2L1.2(b)(1)(A). Garcia asserts that the sentence imposed by the district court did not accurately reflect his personal history and characteristics, including the facts that (1) he had been living in the United States since 1992, (2) he has two minor children who are United States citizens, (3) the woman with whom he has a relationship has been diagnosed with cancer, and (4) his motive for returning to the United States, which was based on his ties to the country, mitigates the seriousness of his offense.

Garcia concedes that plain error review applies because he did not challenge the reasonableness of his sentence before the district court. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). He raises this issue only to preserve it for possible review by the Supreme Court. He also seeks to preserve for review his contention that the appellate presumption of reasonableness should not apply to sentences imposed under U.S.S.G. § 2L1.2 because that provision lacks an empirical basis. We have previously rejected this contention. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009).

The district court did not err in imposing a sentence based on the guidelines in effect at the time of Garcia's sentencing. *See United States v. Rodarte-Vasquez*, 488 F.3d 316, 322 (5th Cir. 2007). With respect to the age of the prior conviction that was used to enhance Garcia's offense level, "the staleness of a prior conviction used in the proper calculation of a guidelines-range sentence does not render a sentence substantively unreasonable" and does not "destroy the presumption of reasonableness that attaches to such sentences." *United States v. Rodriguez*, 660 F.3d 231, 234 (5th Cir. 2011). Neither does Garcia's contention regarding his cultural ties and his benign motive for reentry rebut that presumption. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).

No. 11-50753

The record establishes that the district court listened to and rejected Garcia's arguments for a lower sentence and that the court considered the 18 U.S.C. § 3553(a) factors, including Garcia's personal history and characteristics, prior to imposing a sentence within the Guidelines. Garcia neither has rebutted the presumption of reasonableness of his within-guidelines sentence nor shown that the district court plainly erred by imposing a 54-month sentence. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

AFFIRMED.