**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 8, 2012

Lyle W. Cayce
Clerk

No. 11-51000
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HECTOR MANUEL GARCIA-RIOS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:11-CR-264-1

Before BENAVIDES, STEWART, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Hector Manuel Garcia-Rios (Garcia) appeals his sentence following his guilty plea conviction for illegally reentering the United States after having been deported. Garcia argues that his sentence overstated the seriousness of his offense because it included a 16-level increase in his offense level under U.S.S.G. § 2L1.2 based on a conviction that was more than 15 years old. He also argues that the district court did not take into consideration his personal history, particularly the age of the prior conviction. Garcia has adequately preserved his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-51000

reasonableness challenge for appellate review.  *See United States v. Rodriguez*, 523 F.3d 519, 526 n.1 (5th Cir. 2008) (noting that where the appellant has presented the pertinent legal argument for a different sentence to the district court, the ordinary standard of review is applicable) .

The "staleness" of a prior conviction used in the proper calculation of a Guidelines range does not render a sentence substantively unreasonable; nor does it destroy the presumption of reasonableness that attaches to such sentences.  *United States v. Rodriguez*, 660 F.3d 231, 234 (5th Cir. 2011). Moreover, the  district court specifically noted that it had considered the age of the prior conviction in selecting a sentence at the bottom of the Sentencing Guidelines range.  Garcia has not shown that his sentence was unreasonable, nor has he rebutted the presumption of reasonableness that attaches to his sentence. *See United States v. Cooks,* 589 F.3d 173, 186 (5th Cir. 2009). AFFIRMED.