**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 24, 2012

Lyle W. Cayce
Clerk

No. 11-51150
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE GONZALEZ-MARTINEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:10-CR-1617-1

Before KING, DAVIS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jose Gonzalez-Martinez appeals the sentence imposed for his conviction for illegal reentry into the United States. His advisory guidelines range was 46 to 57 months of imprisonment and included a 16-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) because he was previously removed from the United States after having been convicted of a crime of violence (COV), namely a 1994 California conviction for robbery. The district court sentenced him to 56 months of imprisonment and three years of supervised release. Gonzalez-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Martinez contends that his sentence is substantively unreasonable. He does not challenge his sentence for procedural error.

The substantive reasonableness of a sentence ordinarily is reviewed under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). If, however, a defendant failed to object in the district court to the reasonableness of his sentence, we will review the issue for plain error only. *See United States v. Ruiz*, 621 F.3d 390, 394, 398 (5th Cir. 2010). Although Gonzalez-Martinez concedes that plain error review applies under our precedent, he wishes to preserve for further review the issue "whether a failure to object to the reasonableness of a sentence upon its imposition requires plain error review." Regardless of whether plain error review applies, Gonzalez-Martinez's challenge on appeal is unavailing because his sentence did not constitute an abuse of discretion by the district court, as discussed below.

Because Gonzalez-Martinez's sentence was within his advisory guidelines range, his sentence is presumptively reasonable. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008). The presumption of reasonableness "is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). Gonzalez-Martinez also wishes to preserve for further review the argument that the presumption of reasonableness should not apply to within-guidelines sentences calculated under § 2L1.2 because § 2L1.2 places an undue emphasis on a defendant's criminal history in setting his offense level. As conceded by him, such an argument is foreclosed by our precedent. *See United States v. Rodriguez*, 660 F.3d 231, 232-33 (5th Cir. 2011).

Gonzalez-Martinez, who was born in 1975, argues that his sentence is unreasonable because the 16-level COV enhancement was assessed based on a conviction that was too old to receive any criminal history points and that took

place when he was only 19 years old.  This argument is not persuasive, as "the staleness of a prior conviction used in the proper calculation of a guidelines-range sentence does not render a sentence substantively unreasonable." *Rodriguez*, 660 F.3d at 234.

Gonzalez-Martinez further contends that the guidelines range failed to reflect his personal history and characteristics, including his cultural assimilation, and overstated the seriousness of his instant illegal reentry offense. The district court listened to Gonzalez-Martinez's arguments for a lesser sentence but found that a sentence near the top of his guidelines range was appropriate.  "[T]he sentencing judge is in a superior position to find facts and judge their import under [18 U.S.C.] § 3553(a) with respect to a particular defendant." *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008).  Gonzalez-Martinez has not shown sufficient reason for this court to disturb the presumption of reasonableness applicable to his sentence.  *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009); § 2L1.2, comment. (n.8).  His history of convictions and his instant illegal reentry into the United States only 15 days after having been removed support the district court's decision not to vary or depart downward.  His within-guidelines sentence was not an abuse of discretion.

AFFIRMED.