# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 26, 2012

Lyle W. Cayce
Clerk

No. 11-51100
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RUBEN ALBERTO GUERRERO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:10-CR-1638-1

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Ruben Alberto Guerrero appeals the within-Guidelines sentence of 57 months of imprisonment imposed following his guilty plea to illegal reentry in violation of 8 U.S.C. § 1326. Guerrero argues that his sentence is substantively unreasonable because it is greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a), particularly in light of the district court's refusal to apply a proposed, but not yet enacted, amendment to U.S.S.G. § 2L1.2(b).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-51100

In evaluating a sentence for substantive reasonableness, this court applies an abuse of discretion standard of review, and within-Guidelines sentences enjoy a presumption of reasonableness. *United States v. Gutierrez-Hernandez*, 581 F.3d 251, 254 (5th Cir. 2009). "The presumption is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks,* 589 F.3d 173, 186 (5th Cir. 2009).

"[T]he staleness of a prior conviction that is used in the proper calculation of a guidelines-range sentence does not render a sentence substantively unreasonable[.]" *United States v. Rodriguez*, 660 F.3d 231, 234 (5th Cir. 2011). Nor does it destroy the presumption of reasonableness that attaches to such a sentence. *Id.* Further, a sentence is not substantively unreasonable because a district court refuses to go below the guidelines range based on an amendment to the Guidelines that was not applicable at the time of sentencing. *See, e.g., United States v. Scott*, 654 F.3d 552, 557-58 (5th Cir. 2011). The district court considered, but rejected Guerrero's attempt to minimize the seriousness of his prior offenses, noting that Guerrero's criminal history perhaps even understated his dangerousness. Guerrero's purported "benign" motive for illegally returning to this country also is not sufficient to rebut the appellate presumption of reasonableness. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008). Finally, as to his assertion that the § 3553(a) factors of deterrence and protection of the public were mitigated, Guerrero has not shown that the district court made a clear error in balancing those factors against his criminal history. *See Cooks,* 589 F.3d at 186.

AFFIRMED.