# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

January 10, 2014

Lyle W. Cayce
Clerk

No. 13-50027
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FAUSTINO CARRERA-CASTRO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:12-CR-1593-1

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Faustino Carrera-Castro (Carrera) appeals the 48-month sentence imposed following his conviction of illegal reentry.  Carrera contends that the sentence is unreasonable because the Guideline for illegal reentry, U.S.S.G. § 2L1.2, lacks an empirical basis, double-counts criminal history, and places too much weight on a prior conviction; that his prior conviction occurred in 1999; that illegal reentry is not a violent offense but merely a trespass; and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50027

that the court failed to give sufficient consideration to his motive for returning, which was to attend his brother's funeral and participate in a family novena.

Although Carrera objected to the sentence as greater than necessary to satisfy the factors of 18 U.S.C. § 3553(a) and requested a variance based on the age of the conviction and his motive, he did not challenge the empirical basis of § 2L1.2, nor did he raise his trespass argument. We need not review these arguments for plain error, however, as even under the ordinary standard, they fail.

When, as here, a district court imposes a sentence within a properly calculated guidelines range, the sentence is entitled to a rebuttable presumption of reasonableness. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). As Carrera concedes, his challenge to the applicability of the presumption to a sentence based on § 2L1.2 is foreclosed. *See United States v. Duarte,* 569 F.3d 528, 529-31 (5th Cir. 2009).

A within-guidelines sentence is not necessarily unreasonable because § 2L1.2 lacks an empirical basis and double-counts prior convictions. *See id.* With respect to the age of the prior conviction, the "staleness of a prior conviction used in the proper calculation of a guidelines-range sentence does not render a sentence substantively unreasonable and does not destroy the presumption of reasonableness that attaches to such sentences." *United States v. Rodriguez*, 660 F.3d 231, 234 (5th Cir. 2011). We have likewise rejected the argument that an illegal reentry is merely a trespassory offense. *United States v. Juarez-Duarte*, 513 F.3d 204, 212 (5th Cir. 2008).

Carrera's contention that the district court failed to take into account that he returned to attend the novena and funeral for his brother also fails. The district court specifically addressed this argument but concluded that, in light of Carrera's criminal history, this factor was not sufficient to warrant a

No. 13-50027

sentence below the guidelines range. The district court was in a superior position to find facts and judge their import under § 3553(a). *See Gall v. United States*, 552 U.S. 38, 51-52 (2007). Carrera's mere disagreement with the district court's decision to afford greater weight to his criminal history than to the arguments he offered for a lesser sentence is not enough to rebut the presumption of reasonableness. *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010).

AFFIRMED.