# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50212
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 22, 2013

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GEOVANNI HERNANDEZ-CARNALES,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:12-CR-1032-1

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:*

Geovanni Hernandez-Carnales pleaded guilty, without the benefit of a plea agreement, to illegally reentering the country after he had been deported, and he received a within-guidelines sentence of 46 months of imprisonment. He now challenges the substantive reasonableness of that prison term, contending that it is greater than necessary to achieve the objectives of sentencing. Specifically, Hernandez-Carnales maintains, the guidelines range did not account for the fact that

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

he had not previously been convicted of an illegal reentry offense and that he had only one prior nine-year-old conviction for which he served only one year in prison.

We review the reasonableness of the sentence for abuse of discretion, *Gall v. United States*, 552 U.S. 38, 51 (2007), and presume that a within-guidelines sentence, like Hernandez-Carnales's, is reasonable, *see United States v. Brown*, 727 F.3d 329, 342 (5th Cir. 2013). Though Hernandez-Carnales urges us not to apply the presumption of reasonableness in his case because the guideline that he was sentenced under—U.S.S.G. § 2L1.2—lacks an empirical basis, he acknowledges that this issue is foreclosed and raises it only to preserve it for further review. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009).

Hernandez-Carnales has not rebutted the presumption that his sentence is reasonable. His guidelines range took into account that he had only one prior conviction and no previous conviction for illegal reentry by assigning him to criminal history category II. Indeed, if he had additional convictions, he would have been placed in a higher criminal history category and his guidelines imprisonment range would have been higher. That he served only a one-year sentence for his prior offense also does not establish that his within-guidelines sentence was unreasonable. Nothing required the district court to impose a lower sentence merely because Hernandez-Carnales served a short sentence in the past. *Cf. United States v. Lee*, 358 F.3d 315, 328-29 (5th Cir. 2004) (upholding an upward sentencing departure in part on the basis that the defendant had not been deterred by prior lenient sentences). Further, the district court did not abuse its discretion by declining to impose a lighter sentence on the basis of the age of Hernandez-Carnales's prior conviction. *See United States v. Rodriguez*, 660 F.3d 231, 234 (5th Cir. 2011) ("[T]he staleness of a prior conviction used in the proper calculation of a guidelines-range sentence does not render a sentence substantively unreasonable and does not destroy the presumption of reasonableness that attaches to such sentences.").

The district court was well aware of the effect that Hernandez-Carnales's prior conviction had on the calculation of the guidelines range as well as Hernandez-Carnales's arguments that the nature of his criminal history warranted a below-

guidelines sentence, but it nonetheless imposed a sentence in the middle of the guidelines range. The sentencing court is in the best position to find facts and judge their import. *United States v. Scott*, 654 F.3d 552, 555 (5th Cir. 2011). In effect, Hernandez-Carnales asks us to reweigh the sentencing factors, which we will not do. *See United States v. McElwee*, 646 F.3d 328, 344-45 (5th Cir. 2011). Hernandez-Carnales has failed to show that the district court did not consider a factor that should have received significant weight, gave significant weight to a factor it should have discounted, or made a clear error of judgment when it balanced the relevant factors. *See Brown*, 727 F.3d at 342. He has thus failed to rebut the presumption that his within-guidelines sentence is reasonable. *See id.*

AFFIRMED.