# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-11180
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 12, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JEFFREY B. HENSLEY,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:13-CR-44

Before JOLLY, BENAVIDES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Jeffrey B. Hensley appeals his above-guideline total sentence of imprisonment of 142 months imposed following his guilty plea to two counts of bank robbery and one count of credit union robbery. Hensley argues that his sentence is procedurally unreasonable because the district court failed to provide adequate reasons for the above-guideline range sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-11180

The district court provided adequate fact-specific reasons for imposing the above guideline sentence. It commented on the nature and circumstances of the offenses, noting that Hensley had committed three robberies within a five-month period, which showed his disrespect for the law and that he posed a serious threat to the community. It explained that its primary reason for choosing the sentence was to deter Hensley from engaging in further criminal activity and to insure that the public was protected from his "serial" criminal wrongdoing. The district court recognized that Hensley required medical treatment and granted Hensley's request to be imprisoned at FCI Fort Worth because it had a medical facility that could care for his physical ailments.

The district court's comments reflects its analysis of the 18 U.S.C. § 3553(a) factors, its consideration of Hensley's arguments, and its reasons for imposing an upward variance. The district court provided adequate reasons to allow this court to conduct a meaningful appellate review and, thus, it did not commit procedural error. *Rita v. United States*, 551 U.S. 338, 356 (2007).

Hensley argues that his sentence is substantively unreasonable because the factors relied on by the district court did not require a sentence which was double the top of the guidelines range. The district court's comments at sentencing reflect that it properly made an individualized assessment based on the facts of the case in light of the factors set out in § 3553(a). *See Gall v. United States,* 552 U.S. 38, 51 (2007). The district court made it clear that it believed that Hensley was a serial bank robber and would have continued to commit robberies if he had not been arrested. His commission of multiple robberies was a significant factor that required a strong message of deterrence to provide protection to the public. The district court was entitled to consider Hensley's prior convictions at sentencing although they had been committed more than fifteen years ago. *Cf. United States v. Rodriguez*, 660 F.3d 231, 234

2

No. 13-11180

(5th Cir. 2011) ("the staleness of a prior conviction used in the proper calculation of a guideline range sentence does not render [it] substantively unreasonable").   The district court took Hensley's medical condition into account by recommending his placement in a facility with a reputable medical facility.

There is no indication that the district court did not consider a factor that should have received significant weight, gave significant weight to an irrelevant or improper factor, or made a clear error in balancing the § 3553(a) factors. *See United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006). Hensley's disagreement with the district court's assessment of the factors and the selected sentence does not show that his sentence is substantively unreasonable. *See United States v. Sanchez*, 667 F.3d 555, 569 (5th Cir. 2011).

The sentence is AFFIRMED.