# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40731
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 21, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARLON ARTURO DUBON-VALENZUELA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:14-CR-1663-1

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:[*]

Marlon Arturo Dubon-Valenzuela appeals the eighty-month within-guidelines sentence imposed following his conviction for illegal reentry after deportation. Dubon-Valenzuela challenges the substantive reasonableness of his sentence, arguing that the court failed to consider his mitigating arguments that his life was threatened by gangs in El Salvador and that he was kidnapped in Mexico by the Gulf Cartel. He also argues that the prior aggravated assault

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conviction for which he received a 16-level enhancement overstated the seriousness of his criminal history because of its staleness.

Because Dubon-Valenzuela did not object post-sentencing to the reasonableness of his sentence, our review is for plain error. *See United States v. Peltier*, 505 F.3d 389, 391–92 (5th Cir. 2007). However, even if he did object and we reviewed for an abuse of discretion, Dubon-Valenzuela's argument fails. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Within-guidelines sentences are presumed to be reasonable. *United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir. 2009). To rebut this presumption of reasonableness, a defendant must show that his sentence fails to take into account a factor that should receive significant weight, gives significant weight to an irrelevant or improper factor, or represents a clear error of judgment in balancing the sentencing factors. *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

The district court considered Dubon-Valenzuela's arguments regarding his individual facts and circumstances in mitigation at the sentencing hearing and concluded that a sentence at the bottom of the guidelines range was appropriate. The court noted that Dubon-Valenzuela had an extensive criminal history and had returned to this country illegally shortly after his recent deportation. Addressing his assertions that he was kidnapped, the district court found that Dubon-Valenzuela was not forced into the country without any action on his part.

Turning to Dubon-Valenzuela's assertion that his 1995 aggravated assault conviction was stale, the "staleness of a prior conviction used in the proper calculation of a guidelines-range sentence does not render a sentence substantively unreasonable and does not destroy the presumption of

No. 15-40731

reasonableness that attaches to such sentences." *United States v. Rodriguez*, 660 F.3d 231, 234 (5th Cir. 2011).

Dubon-Valenzuela's argument that the district court should have sentenced him to a lesser sentence merely reflects his disagreement with the propriety of his sentence. *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010). He has not shown sufficient reason for this court to disturb the presumption of reasonableness applicable to his within-guidelines sentence. *See Cooks*, 589 F.3d at 186.

Accordingly, the judgment of the district court is AFFIRMED.