# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-51048
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 4, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JORGE ADALBERTO GUZMAN-CRUZ,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:17-CR-161-1

Before BARKSDALE, SOUTHWICK, and COSTA, Circuit Judges.

PER CURIAM:[*]

Jorge Adalberto Guzman-Cruz appeals his 71-month sentence, which is within the advisory Sentencing Guidelines sentencing range, and was imposed following his guilty plea to illegally reentering the United States following removal, in violation of 8 U.S.C. § 1326. He contends his mid-sentencing-range sentence calculated under Guideline § 2L1.2 (offense-level calculation for unlawfully entering or remaining in the United States) was greater than

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

necessary to meet the sentencing objectives of 18 U.S.C. § 3553(a), and, therefore, his sentence is substantively unreasonable.

Although post-*Booker*, the Sentencing Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 48–51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence, as in this instance, is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir 2008).

Our court ordinarily applies a presumption of reasonableness to a within-Guidelines sentence. *Gall*, 552 U.S. at 51. That presumption is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, gives weight to an irrelevant or improper factor, or represents a clear error in judgment in balancing the sentencing factors. *E.g.*, *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009) (citation omitted).

Guzman contends the district court's application of Guideline § 2L1.2 renders his sentence unreasonable because it: gave disproportionate weight to his prior convictions in determining both his total offense level and criminal-history category; gave consideration to stale convictions; and overstated the seriousness of his non-violent reentry offense. Our court has repeatedly rejected these contentions as a basis for rebutting the presumption of reasonableness accorded a within-Guidelines sentence. *See, e.g., United States v. Rodriguez*, 660 F.3d 231, 234 (5th Cir. 2011) (holding staleness of prior

No. 17-51048

conviction used in proper calculation of Guidelines-range sentence does not destroy presumption of reasonableness); *United States v. Duarte*, 569 F.3d 528, 529–31 (5th Cir. 2009) (applying presumption despite contention the Guideline results in double counting prior convictions); *United States v. Juarez-Duarte*, 513 F.3d 204, 212 (5th Cir. 2008) (applying presumption despite assertion the Guideline overstates the seriousness of a non-violent illegal-reentry offense).

Guzman also contends the court failed to consider his personal characteristics and criminal history; but, the court considered the presentence investigation report, defense counsel's urged mitigating bases, Guzman's allocution, and the Government's position on the sentence. The court properly made an individualized assessment, based on the facts and circumstances of the case, and determined a within-Guidelines sentence was sufficient, but not greater than necessary, to achieve the goals of 18 U.S.C. § 3553(a). *See Gall*, 552 U.S. at 49–50. Guzman's contentions amount to no more than a disagreement with the court's weighing of the 18 U.S.C. § 3553(a) factors, which is insufficient to rebut the presumption of reasonableness that attaches to his within-Guidelines sentence. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565–66 (5th Cir. 2008).

AFFIRMED.