# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
April 12, 2019

Lyle W. Cayce
Clerk

No. 18-50513
Summary Calendar

UNITED STATES OF AMERICA,

      Plaintiff-Appellee

v.

GEOVANNY ANTONIO LOYOLA-VILLEGAS, also known as Loyola Geovanny Anto Villegas, also known as Giovanny Loyola, also known as Geovanny Antonioloyo Villegas, also known as Geovanny Antoni Villegasloyola, also known as Geovanny Anton Loyola-Villegas, also known as Geovanny Loyolavillegas, also known as Geovanny Loyola, also known as Geovanny A. Loyola-Villegas,

      Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:18-CR-48-1

Before KING, SOUTHWICK, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

      Geovanny Antonio Loyola-Villegas pleaded guilty to illegal reentry into the United States. The district court sentenced him to 24 months of imprisonment. This sentence was within the range prescribed by the United

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-50513

States Sentencing Guidelines. Loyola-Villegas now appeals, arguing that his sentence is substantively unreasonable because it is greater than necessary to accomplish the sentencing goals listed in 18 U.S.C. § 3553(a).

Because Loyola-Villegas did not object to the substantive reasonableness of his sentence in the district court, plain error review applies.[1] *See United States v. Heard*, 709 F.3d 413, 425 (5th Cir. 2013). Loyola-Villegas's sentence is presumptively reasonable because it fell within his advisory Guidelines range. *See id.* at 424. "The presumption is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *Id.* at 424-25 (quoting *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009)).

Loyola-Villegas argues that his sentence overstates the seriousness of his offense and his dangerousness because § 2L1.2 overemphasizes a defendant's criminal history by "double counting" prior convictions, factoring them into both the offense level and the criminal history calculation. He further contends that the sentence fails to reflect his personal history and characteristics. Finally, he argues that the then-impending arrival of his first child changed his outlook on life and provided him a reason to stay in Mexico; thus, the sentence is greater than necessary to provide adequate deterrence and to protect the American public.

---

[1] For the sake of preserving the issue, Loyola-Villegas challenges the standard of review, arguing that other circuits review the reasonableness of a sentence for an abuse of discretion. Likewise, Loyola-Villegas also wishes to preserve his argument that a presumption of reasonableness should not apply to a within-Guidelines sentence calculated under § 2L1.2 of the Sentencing Guidelines because § 2L1.2 is not the result of empirical evidence or study. As Loyola-Villegas concedes, these arguments are foreclosed by our precedent and we therefore do not address them. *See Heard*, 709 F.3d at 425; *United States v. Rodriguez*, 660 F.3d 231, 232-33 (5th Cir. 2011).

No. 18-50513

We have rejected the argument that a sentence based on § 2L1.2 is substantively unreasonable because § 2L1.2 counts a defendant's criminal history twice. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009). As for Loyola-Villegas's remaining arguments, the record makes clear that the district court reviewed the presentence report, the § 3553(a) factors, and Loyola-Villegas's criminal history. Loyola-Villegas has not shown that his sentence reflects an improper balancing of the sentencing factors. Thus, he has not rebutted the presumption of reasonableness. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).

AFFIRMED.