# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 17, 2012

Lyle W. Cayce
Clerk

No. 11-50780
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN JOSE NAVA-MEDINA, also known as Henry Rivera,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:11-CR-1020-1

Before BENAVIDES, STEWART, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Juan Jose Nava-Medina (Nava) appeals the 46-month sentence he received after he pleaded guilty to being illegally present in the United States after removal. He contends that his within-guidelines sentence was substantively unreasonable because it was greater than necessary to satisfy the sentencing goals of 18 U.S.C. § 3553(a). Because Nava's arguments fail under either a plain error or an abuse of discretion standard of review, we need not decide whether, despite his arguments in the district court in support of a downward variance,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-50780

Nava's failure to object to the reasonableness of his sentence results in plain error review.

As Nava concedes, his contention that a sentence imposed under U.S.S.G. § 2L1.2 is not entitled to a presumption of reasonableness is foreclosed. *See United States v. Duarte*, 569 F.3d 528, 529–31 (5th Cir.), *cert. denied*, 130 S. Ct. 378 (2009). We have rejected the argument that the illegal reentry guideline's alleged lack of an empirical basis and alleged double-counting of previous convictions renders a sentence unreasonable. *See id.* Nava's reliance on his allegedly benign motive for reentering the United States is insufficient to rebut the presumption of reasonableness. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565–66 (5th Cir. 2008). Likewise, to the extent Nava contends that the sentence imposed by the district court was unreasonable because it failed to account for his cultural assimilation into the United States, he fails to show reversible error. *See United States v. Rodriguez*, 660 F.3d 231, 234–35 (5th Cir. 2011).

On the whole, Nava's arguments are a request to re-weigh the § 3553(a) factors. "[T]he sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant." *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008). That this court "might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall v. United States*, 552 U.S. 38, 51 (2007). "A defendant's disagreement with the propriety of the sentence imposed does not suffice to rebut the presumption of reasonableness that attaches to a within-guidelines sentence." *United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010). Nava neither has shown that his sentence was substantively unreasonable nor has he rebutted the presumption of reasonableness that attaches to his within-guidelines sentence.

AFFIRMED.

2