# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 22, 2012

Lyle W. Cayce
Clerk

No. 11-50886
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HECTOR AVILA-REYES, also known as Hector Avila Reyes, also known as Hector Reyes, also known as Hector Avila, also known as Hector Chino, also known as Hector Shino,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:11-CR-996-1

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Hector Avila-Reyes appeals the 72-month within-guidelines sentence imposed in connection with his conviction for illegal reentry after deportation. Avila-Reyes argues that his sentence, which is on the low end of the applicable guidelines range, is substantively unreasonable. Specifically, he contends that the Guideline that governs illegal reentry offenses produced an unreasonable

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentence because it is not empirically based, resulted in double-counting of his criminal history, and failed to account for his personal history and circumstances. He further argues that the sentence does not account for the mitigating factor that his return to the United States was motivated by duress and cites to his legitimate fear of violence upon returning to Mexico.

The substantive reasonableness of a sentence is reviewed for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). Because Avila-Reyes's sentence was within his advisory guidelines range, his sentence is presumptively reasonable. *See United States v. Cooks,* 589 F.3d 173, 186 (5th Cir. 2009). Avila-Reyes challenges the presumption of reasonableness applied to his sentence but acknowledges the issue is foreclosed and raises it to preserve the issue for further review. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 366-367 (5th Cir. 2009).

We have consistently rejected the argument that the seriousness of this offense is overstated because U.S.S.G. § 2L1.2 lacks an empirical basis and double counts criminal history. *See United States v. Rodriguez*, 660 F.3d 231, 232-33 (5th Cir. 2011); *United States v. Duarte*, 569 F.3d 528, 529-30 (5th Cir. 2009).

The district court considered Avila-Reyes's arguments for a lesser sentence, including his arguments that he feared violence upon his return to Mexico and that he returned to visit his dying mother. Nevertheless, the court noted the aggravating factors of Avila-Reyes's numerous prior removals and his lengthy criminal history. Based on a consideration of the totality of the circumstances, the district court elected to impose a sentence within the guidelines range. Avila-Reyes has not shown sufficient reason for this court to disturb the presumption of reasonableness applicable to his sentence. *See Cooks,* 589 F.3d at 186.

Accordingly, the judgment of the district court is AFFIRMED.