**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 5, 2012

Lyle W. Cayce
Clerk

No. 11-50943
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MALAQUIAS FLORES-LUCAS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:11-CR-5-1

Before WIENER, GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Malaquias Flores-Lucas appeals the sentence imposed for his conviction for illegal reentry into the United States. His advisory guidelines range was 46 to 57 months of imprisonment and included a 16-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) because he was previously removed from the United States after having been convicted of a crime of violence (COV), namely his 1995 Texas conviction for aggravated sexual assault of a child. The district court sentenced him to 57 months of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

imprisonment and three years of supervised release. Flores-Lucas contends that his sentence is substantively unreasonable. He does not challenge his sentence for procedural error.

The substantive reasonableness of a sentence ordinarily is reviewed under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). Because Flores-Lucas did not object to the substantive reasonableness of his sentence in the district court, however, the plain error standard of review applies. *See United States v. Ruiz*, 621 F.3d 390, 394, 398 (5th Cir. 2010). Although Flores-Lucas concedes that plain error review applies under our precedent, he wishes to preserve for further review the issue "whether a failure to object to the reasonableness of a sentence on its imposition requires plain error review."

As Flores-Lucas's sentence was within his advisory guidelines range, his sentence is presumptively reasonable. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008). The presumption of reasonableness "is rebutted only on a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). Flores-Lucas also wishes to preserve for further review the issue of whether the presumption of reasonableness should not apply to within-guidelines sentences calculated under § 2L1.2 because § 2L1.2 lacks an empirical basis. As conceded by him, this issue too is foreclosed by our precedent. *See United States v. Rodriguez*, 660 F.3d 231, 232-33 (5th Cir. 2011).

Flores-Lucas argues that his guidelines range was too severe because § 2L1.2 lacks an empirical basis, effectively double counts a defendant's criminal record through enhancements based on prior convictions, and fails to take into consideration the remoteness of the prior convictions triggering those enhancements. He notes that the predicate conviction for his COV enhancement

was not assessed any criminal history points because he was sentenced only to probation and the conviction was more than 10 years old at the time of his sentencing.  He further contends that the guidelines range failed to reflect his personal history and characteristics and overstated the seriousness of his instant illegal reentry offense.

The district court listened to Flores-Lucas's arguments for a lesser sentence but concluded that a sentence at the top of his guidelines range was appropriate.  "[T]he sentencing judge is in a superior position to find facts and judge their import under [18 U.S.C.] § 3553(a) with respect to a particular defendant." *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008).  Flores-Lucas has not shown sufficient reason for us to disturb the presumption of reasonableness applicable to his sentence.  *See Rodriguez*, 660 F.3d at 234; *United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009); *Gomez-Herrera*, 523 F.3d at 565-66.  The district court's sentence was not an abuse of discretion, much less plainly erroneous.

AFFIRMED.