**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Jorge Arturo CUBERO–CONEJO,**
**Defendant–Appellant.**

**No. 11–51237**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Oct. 2, 2012.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, San Antonio, TX, for Plaintiff–Appellee.

M. Carolyn Fuentes, Henry Joseph Bemporad, Federal Public Defender, Federal Public Defender's Office, San Antonio, TX, for Defendant–Appellant.

Before BENAVIDES, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM: *

Jorge Arturo Cubero–Conejo (Cubero), a previously deported alien, pleaded guilty of re-entering the United States illegally. Cubero was sentenced to a within-guidelines sentence of 24 months of imprisonment and to a three-year period of supervised release. Cubero has appealed, contending that the sentence imposed is substantively unreasonable in that it is greater than necessary to satisfy the statutory sentencing goals.

---

* Pursuant to 5TH CIR R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

After *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), sentences are reviewed for substantive reasonableness, in light of the statutory sentencing factors, under an abuse of discretion standard. *United States v. Johnson,* 619 F.3d 469, 471–72 (5th Cir.2010) (citing *Gall v. United States,* 552 U.S. 38, 50–51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007)); *see also* 18 U.S.C. § 3553(a).

Within-guidelines sentences are presumed by this court to be reasonable. *United States v. Diaz,* 637 F.3d 592, 603 (5th Cir.), *cert. denied,* —— U.S. ——, 132 S.Ct. 270, 181 L.Ed.2d 159 (2011). "The presumption is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *Id.*

Cubero contends that his within-guidelines sentence overstated the seriousness of his offense, "in part because of the flawed development of the illegal-reentry guideline." He complains that "the guideline was not developed based on empirical study and national experience." For that reason, Cubero contends, the appellate presumption of reasonableness should not be applied in reviewing of his sentence. He concedes, however, that this contention is foreclosed by *United States v. Duarte,* 569 F.3d 528, 529–31 (5th Cir.2009). He raises the question to preserve it for possible further review.

Cubero complains that his base offense level was increased by 12 levels because of a drug conviction that was nearly 24 years old, a result, he contends, that is unnecessarily punitive. Cubero asserts that there are additional mitigating circumstances that were given insufficient weight by the district court and that he is less culpable than the ordinary immigration offender. He contends that he is unlikely to recidivate.

In *United States v. Rodriguez,* 660 F.3d 231, 234 (5th Cir.2011), we held "that the staleness of a prior conviction used in the proper calculation of a guidelines-range sentence does not render a sentence substantively unreasonable and does not destroy the presumption of reasonableness that attaches to such sentences."

In this case, the district court elicited discussion of, hence considered, the factors asserted by Cubero and decided to impose a within-guidelines sentence. "If the sentencing judge exercises her discretion to impose a sentence within a properly calculated Guideline range, in our reasonableness review we will infer that the judge has considered all the factors for a fair sentence set forth in the Guidelines." *United States v. Alonzo,* 435 F.3d 551, 554 (5th Cir.2006) (internal quotation marks and citation omitted). Cubero does not contend that the guidelines range was calculated improperly, and his mere belief that the mitigating factors presented for the court's consideration should have been balanced differently is insufficient to disturb this presumption. *See id.* The judgment is AFFIRMED.