**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 25, 2012

Lyle W. Cayce
Clerk

No. 12-50037
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JOSE ALVAREZ ALVAREZ, also known as Jose Alvarez-Romero, also known as Jose Luis Alvarez-Romero,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:11-CR-2004-1

Before DAVIS, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Jose Alvarez Alvarez appeals his 24-month sentence for illegal reentry following deportation and falsely representing himself to be a citizen of the United States. He contends: the sentence is substantively unreasonable because it is greater than necessary to accomplish the sentencing goals of 18 U.S.C. § 3553(a); and the illegal reentry Sentencing Guideline, § 2L1.2, is flawed because: it gives too much weight to a defendant's prior convictions; it

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-50037

overstates the seriousness of his illegal reentry offense, which he characterizes as nothing more than an international trespass; and it did not account for his personal history and circumstances.

Although post-*Booker*, the Sentencing Guidelines are advisory only, and a properly-preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the Guideline-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 48-51 (2007).  Alvarez does not claim procedural error.  A discretionary sentence imposed, as here, within a properly-calculated Guidelines range is presumptively reasonable. *United States v. Rodriguez*, 660 F.3d 231, 234 (5th Cir. 2011).

After considering Alvarez' assertions at sentencing, the district court determined a 24-month sentence, the lowest in the applicable advisory Guidelines sentencing range, was appropriate.  "[T]he sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant". *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008).  Alvarez' contentions concerning the weight given his prior criminal convictions and his family history and circumstances fail to rebut the above-referenced presumption that his sentence is substantively reasonable. *E.g., United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).  Further, his assertion that his sentence is unreasonable because his offense is nothing more than an "international trespass" is foreclosed by our court's precedent. *E.g., United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006).

AFFIRMED.