# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 21, 2013

Lyle W. Cayce
Clerk

No. 12-10054
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN MENDOZA ROSALES,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:11-CR-193-1

Before JONES, DENNIS and HAYNES, Circuit Judges.

PER CURIAM:[*]

Juan Mendoza Rosales appeals the 63-month sentence imposed following his guilty plea conviction for illegal reentry following previous deportation. He argues that the district court committed a significant procedural error by imposing a sentence within the pertinent guidelines range without giving specific reasons for rejecting his nonfrivolous arguments in favor of a sentence below this range. He requests this court to vacate his sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We review Mendoza Rosales's argument for plain error because he raises it for the first time on appeal. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). To show plain error, he must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error but will do so only if the error substantially affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

A review of the record does not support Mendoza Rosales's argument that the district court failed to consider his arguments for a lower sentence. In fact, "the full sentencing record reveals the district court's reasons for the chosen sentence and allows for effective review by this court." *United States v. Bonilla*, 524 F.3d 647, 657-58 (5th Cir. 2008). The court indicated that it would not vary below the advisory range in light of Mendoza Rosales's extensive criminal history, but it also credited his arguments in its decision not to vary upward from the range. Regardless, even if the district court's reasons were inadequate and constituted plain error, Mendoza Rosales has not shown that a more extensive explanation would have changed his 63-month sentence. *See Mondragon-Santiago,* 564 F.3d at 365.

Mendoza Rosales also contends that his within-guidelines sentence was substantively unreasonable because of the following: the age of his prior convictions; he had a compelling reason to return to the United States, i.e, his family; he has not committed any additional crimes since his previous deportation in 2004; his age and health make it "unlikely" that he would return to the United States; and his prior criminal history was influenced by his addiction to alcohol. He relies on extra-circuit case law, including *United States v. Amezcua-Vasquez*, 567 F.3d 1050, 1055-58 (9th Cir. 2009), to argue that his within-guidelines sentence was substantively unreasonable.

The district court listened to these arguments for a downward variance and determined that a guidelines sentence was appropriate. The court placed greater weight on Mendoza Rosales's criminal history, which included a larceny conviction, three driving while intoxicated convictions, a conviction for delivery of a controlled substance (cocaine), a conviction for false claim to United States citizenship, two possession of marijuana convictions, and two convictions for violations of state tax code. The district court also pointed out that Mendoza Rosales had three prior deportations for which he was not prosecuted. We give due deference to the district court's weighing of the sentencing factors because it "sees and hears the evidence, makes credibility determinations, has full knowledge of the facts and gains insights not conveyed by the record." *Gall v. United States*, 552 U.S. 38, 51 (2007) (internal quotation marks and citation omitted). Mendoza Rosales has not shown that the district court abused its discretion in weighing incommensurable factors under 18 U.S.C. § 3553(a). *See United States v. Hernandez*, 633 F.3d 370, 375-76 (5th Cir. 2011). He also fails to show that the guidelines range did not account for a factor that should have received significant weight, and he fails to overcome the presumption that his guidelines sentence was reasonable. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009); *see also United States v Rodriguez*, 660 F.3d 231, 233-34 (5th Cir. 2011).

The judgment of the district court is AFFIRMED.