# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 5, 2013

Lyle W. Cayce
Clerk

No. 12-51118
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

OSCAR EDUARDO DE LA CRUZ-DIAZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:12-CR-1687-1

Before STEWART, Chief Judge, and SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

Oscar Eduardo De La Cruz-Diaz appeals the sentence imposed for his conviction for illegal reentry into the United States. He contends that his sentence is substantively unreasonable because it was greater than necessary to accomplish the sentencing goals under 18 U.S.C. § 3553(a). The district court sentenced him to 46 months of imprisonment, the bottom of his advisory guidelines range.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The substantive reasonableness of a sentence is reviewed under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). Because De La Cruz-Diaz's sentence was within his advisory guidelines range, his sentence is presumptively reasonable. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008). De La Cruz-Diaz wishes to preserve for further review the argument that the presumption of reasonableness should not apply to within-guidelines sentences calculated under U.S.S.G. § 2L1.2 because § 2L1.2 lacks an empirical basis and double counts criminal history. As conceded by him, such an argument is foreclosed by our precedent. *See United States v. Rodriguez*, 660 F.3d 231, 232-33 (5th Cir. 2011).

De La Cruz-Diaz argues that the district court failed to adequately account for his benign motive for returning to the United States and the unlikelihood that he would return again now that his family has relocated to Mexico. He also contends that his guidelines range was too severe because § 2L1.2 lacks an empirical basis and effectively double counts a defendant's criminal history through enhancements, such as his crime-of-violence enhancement, that are based on prior convictions.

The district court listened to De La Cruz-Diaz's arguments for a lesser sentence but found that a 46-month sentence was appropriate. "[T]he sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant." *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008). De La Cruz-Diaz has not shown sufficient reason for this court to disturb the presumption of reasonableness applicable to his sentence. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009); *Gomez-Herrera*, 523 F.3d at 565-66.

AFFIRMED.