# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50371
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 19, 2013

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ARIEL VALLEJO-GONZALEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:12-CR-1255-1

Before JOLLY, DeMOSS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Ariel Vallejo-Gonzalez appeals the sentence imposed for his conviction for illegal reentry into the United States. He contends that his sentence is substantively unreasonable because it was greater than necessary to accomplish the sentencing goals under 18 U.S.C. § 3553(a). The district court sentenced him within his guidelines range to 32 months of imprisonment and three years of supervised release.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50371

The substantive reasonableness of a sentence is reviewed under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). Because Vallejo-Gonzalez's sentence was within his advisory guidelines range, his sentence is presumptively reasonable. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008). Vallejo-Gonzalez wishes to preserve for further review the argument that the presumption of reasonableness should not apply to within-guidelines sentences calculated under U.S.S.G. § 2L1.2 because § 2L1.2 lacks an empirical basis. As conceded by him, such an argument is foreclosed by our precedent. *See United States v. Rodriguez*, 660 F.3d 231, 232-33 (5th Cir. 2011).

Vallejo-Gonzalez argues that his sentence was greater than necessary because § 2L1.2 lacks an empirical basis and gives heavy weight to a defendant's criminal history through enhancements, such as his crime-of-violence enhancement, that are based on prior convictions. He notes that the conviction underlying his crime-of-violence enhancement was not assessed any criminal history points because it occurred too long ago. He further contends that the guidelines range overstated the seriousness of his instant illegal reentry offense and failed to reflect his personal history and characteristics.

The district court listened to Vallejo-Gonzalez's arguments for a lesser sentence but found that a 32-month sentence was appropriate. "[T]he sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant." *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008). Vallejo-Gonzalez has not shown that his sentence was an abuse of discretion. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009); *Gomez-Herrera*, 523 F.3d at 565-66.

AFFIRMED.