# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-40267
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 23, 2013

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

                         Plaintiff−Appellee,

versus

JUAN FRANCISCO NORIEGA-ALANIS,
Also Known as Juan Francisco Alanis-Noriega,

                         Defendant−Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:12-CR-148-1

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-40267

Juan Noriega-Alanis appeals the within-guideline, seventy-seven-month sentence he received following his guilty plea of being an alien found unlawfully present in the United States after having been previously deported, in violation of 8 U.S.C. § 1326.  For the first time on appeal, he contends that the district court's consideration of his most recent arrest for assault renders his sentence procedurally and substantively unreasonable.  He also avers that the presumption of reasonableness should not attach to his within-guideline sentence because U.S.S.G. § 2L1.2 lacks an empirical basis.  He concedes, however, that the argument is foreclosed; he seeks only to preserve it for further review. *See United States v. Rodriguez*, 660 F.3d 231, 232-33 (5th Cir. 2011); *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009).

The newly raised procedural- and substantive-unreasonableness arguments are reviewed for plain error only.  *See United States v. Jones*, 484 F.3d 783, 792 (5th Cir. 2007); *see also United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).  To establish plain error, Noriega-Alanis must show a forfeited error that is clear or obvious and that affects his substantial rights.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes such a showing, this court may exercise its discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

Noriega-Alanis contends that the district court erroneously considered his "bare arrest record."  To the contrary, the presentence report ("PSR") not only listed the alleged offense for which he was arrested but included additional information as to the facts underlying the arrest and why prosecution did not result.  *See United States v. Harris*, 702 F.3d 226, 230-31 & n.1 (5th Cir. 2012); *cf. United States v. Windless*, 719 F.3d 415, 418, 420-21 (5th Cir. 2013).  Noriega-Alanis did not object to the PSR or offer rebuttal evidence.  The

No. 13-40267

court therefore did not plainly err in considering the information in the PSR concerning the arrest when denying the request for a downward variance. *See Harris*, 702 F.3d at 231; *see also Puckett*, 556 U.S. at 135.

Because the sentence is within the guideline range, it is presumptively reasonable. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). Noriega-Alanis urges, however, that the district court's consideration of his bare arrest record constituted consideration of an improper factor and thus that the presumption of reasonableness has been rebutted.

The district court considered Noriega-Alanis's personal history and the circumstances of his illegal-reentry offense, balancing those factors against his lengthy and violent criminal past and denying his request for a sentence below the guideline range based in part on the court's rejection of the claim that he was a changed man, as evidenced by the fact that he was recently arrested for assaulting for hitting his pregnant wife. The court expressly gave more weight to other 18 U.S.C. § 3553(a) factors, namely Noriega-Alanis's significant criminal history and the need to protect the public from future crimes and to provide deterrence. The court did not plainly err in considering the prior arrest when imposing a sentence within the guideline range, and Noriega-Alanis has failed to rebut the presumption of reasonableness that is accorded a within-guideline sentence. *See Harris,* 702 F.3d at 301; *Cooks*, 589 F.3d at 186; *see also Puckett*, 556 U.S. at 135.

Accordingly, the judgment is AFFIRMED.