# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50228
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 6, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ROLANDO ISAIS PEREZ-REQUENA,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:12-CR-841-1

Before JONES, BARKSDALE, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Rolando Isais Perez-Requena pleaded guilty to illegal reentry into the United States. Perez challenges his within-Guidelines sentence of, *inter alia*, 51-months' imprisonment. He contends his sentence is substantively unreasonable because it was greater than necessary to meet the sentencing goals under 18 U.S.C. § 3553(a).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50228

Although post-*Booker*, the Sentencing Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the Guideline-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 51 (2007). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005). Perez does not claim procedural error. Instead, he maintains only that the challenged sentence was substantively unreasonable.

"A discretionary sentence imposed within a properly calculated guidelines range is presumptively reasonable." *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008) (citations omitted). Perez contends, however, the presumption of reasonableness does not apply to his within-Guidelines sentence, claiming the illegal-reentry Guideline, § 2L1.2, is not supported by empirical data and double counts criminal history. Perez concedes this contention is foreclosed by our precedent. *See, e.g., United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009). He raises the issue only to preserve it for possible further review.

Perez also contends the aggravated-assault conviction underlying his crime-of-violence enhancement occurred 12 years ago and he has since changed his life for the better. He further claims his sentence overstates the seriousness of his instant illegal-reentry offense and fails to account for the fact his motivation in returning to the United States was to earn money to support his young children.

2

No. 13-50228

Perez' contention about the remoteness of his aggravated-assault conviction is not persuasive because "the staleness of a prior conviction used in the proper calculation of a [G]uidelines-range sentence does not render a sentence substantively unreasonable". *United States v. Rodriguez*, 660 F.3d 231, 234 (5th Cir. 2011). The district court heard Perez' contentions for a lesser sentence but found the 51-month sentence appropriate. Perez' claims are insufficient to rebut the presumption of reasonableness. *See, e.g., United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).

AFFIRMED.