# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50284
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 23, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANDRES MEDINA-MARTINEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:12-CR-1115-1

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Andres Medina-Martinez appeals the 27-month within guidelines sentence imposed by the district court following his entry of a guilty plea to an indictment that charged him with illegal reentry into the United States after deportation. He argues that his sentence is unreasonable because it is greater than necessary in view of the 18 U.S.C. § 3553(a) factors. He asserts that U.S.S.G. § 2L1.2 double-counted his criminal history in calculating his offense

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

level and his criminal history category.  He further asserts that § 2L1.2 gives disproportionate weight to his prior conviction for making a false claim to citizenship because the conviction increases his guidelines range despite its staleness.  In addition, he contends that § 2L1.2 overstates the seriousness of his offense as it was essentially an international trespass.  Finally, he contends that the guidelines range fails to reflect his personal history and characteristics.

In the district court, Medina-Martinez objected to the recommended guidelines range on the grounds that the criminal history category substantially overstated his criminal history and the likelihood that he would commit additional crimes and on the basis that his prior offenses consisted mostly of driving offenses and not serious, violent, or dangerous acts.  However, he did not object to the substantive reasonableness of his sentence in the district court on the particular grounds that he now raises; therefore, our review is limited to plain error.  *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009).  To succeed on plain error review, he must show (1) a forfeited error (2) that is clear or obvious and (3) that affects his substantial rights.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  If the required showing is made, we may exercise our discretion "to remedy the error . . . if the error seriously affects the fairness, integrity or public reputation of judicial proceedings."  *Id.* (internal quotation marks, bracketing, and citation omitted).

The district court considered Medina-Martinez's arguments, the Presentence Report, and the § 3553(a) factors and determined that a sentence within the correctly calculated advisory guidelines range was appropriate. The district court determined that his prior convictions for driving while intoxicated were a threat to the public.  Our circuit has rejected the argument

No. 13-50284

that the use of prior convictions to increase the offense level and also to calculate criminal history is impermissible double-counting. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009). Medina-Martinez's argument, that illegal reentry is not a serious offense but rather merely an international trespass, is also an argument that we have rejected. *United States v. Juarez-Duarte*, 513 F.3d 204, 212 (5th Cir. 2008). In addition, this court has held that "the staleness of a prior conviction used in the proper calculation of a guidelines-range sentence does not render a sentence substantively unreasonable and does not destroy the presumption of reasonableness that attaches to such sentences." *United States v. Rodriguez*, 660 F.3d 231, 234 (5th Cir. 2011). Medina-Martinez's disagreement with the "propriety of the sentence imposed" is not sufficient to rebut the presumption of reasonableness. *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010). Because he has not shown that the district court failed to give proper weight to his arguments or any particular § 3553(a) factor, Medina-Martinez has failed to rebut the presumption of reasonableness that is accorded to his within-guidelines sentence. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

AFFIRMED.