# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

April 7, 2014

Lyle W. Cayce
Clerk

No. 13-50310
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JESUS ALBERTO GARCIA-GARCIA, also known as Jesus Alberto Garcia,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:12-CR-941-1

Before DAVIS, BENAVIDES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jesus Alberto Garcia-Garcia appeals the sentence imposed for his conviction for illegal reentry into the United States. He contends that his sentence is substantively unreasonable because it was greater than necessary to accomplish the sentencing goals under 18 U.S.C. § 3553(a). The district court sentenced him to 51 months of imprisonment and three years of supervised release.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The substantive reasonableness of a sentence is reviewed under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). Garcia-Garcia was sentenced within his advisory guidelines range, and his sentence is presumptively reasonable. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008). He wishes to preserve for further review the argument that the presumption of reasonableness should not apply to within-guidelines sentences calculated under U.S.S.G. § 2L1.2 because § 2L1.2 lacks an empirical basis. As conceded by him, such an argument is foreclosed by our precedent. *See United States v. Rodriguez*, 660 F.3d 231, 232-33 (5th Cir. 2011).

Garcia-Garcia argues that his sentence was greater than necessary because § 2L1.2 lacks empirical support and double counted his prior New York conviction for third degree robbery, which was the basis for both his 16-level crime-of-violence enhancement and his criminal history points. He asserts that his robbery conviction resulted in only a 90-day sentence and was less serious than many other offenses that qualify for a 16-level enhancement under § 2L1.2. He further asserts that the instant case was his first illegal reentry offense; he was ignorant of the consequences for illegally reentering the United States and is unlikely to return again; his criminal history was sparse; and he was not a danger to the public but instead a poor, hardworking man who lived and worked in the United States to support his family.

The district court listened to Garcia-Garcia's arguments for a lesser sentence but found that a 51-month sentence was appropriate. "[T]he sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant." *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008). Garcia-Garcia has not shown that his sentence was an abuse of discretion. *See United*

*States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009); *Gomez-Herrera*, 523 F.3d at 565-66.

AFFIRMED.