# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50779
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 15, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN FERREL-VALLADOLID,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:12-CR-1824

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Juan Ferrel-Valladolid appeals the within-guidelines 40-month sentence imposed following his conviction for illegal reentry into the United States after deportation. He contends that the sentence is substantively unreasonable because it is greater than necessary to achieve the goals of 18 U.S.C. § 3553(a). We review the substantive reasonableness of a sentence for an abuse of discretion. *Gall v. United States*,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

552 U.S. 38, 49-51 (2007); *United States v. Delgado-Martinez*, 564 F.3d 750, 753 (5th Cir. 2009).

We have previously rejected Ferrel-Valladolid's claim that "double counting," or using a prior conviction to assess criminal history points and also to support a specific offense level enhancement necessarily renders a sentence unreasonable. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009). Moreover, "the staleness of a prior conviction used in the proper calculation of a guidelines-range sentence does not render a sentence substantively unreasonable and does not destroy the presumption of reasonableness that attaches to such sentences." *United States v. Rodriguez*, 660 F.3d 231, 234 (5th Cir. 2011). We have also rejected Ferrel-Valladolid's assertion that a guidelines sentence under U.S.S.G. § 2L1.2 is unreasonable because illegal reentry is merely a trespassing offense and not a crime of violence. *See United States v. Juarez-Duarte*, 513 F.3d 204, 212 (5th Cir. 2008).

With respect to his claims regarding other mitigating factors, including his motive for returning to the United States, Ferrel-Valladolid has not shown that the district court failed to take into account a factor that should have received significant weight, gave significant weight to an irrelevant or improper factor, or made a clear error of judgment in balancing the sentencing factors. Therefore, he has not rebutted the presumption of reasonableness that attaches to his within-guidelines sentence. *See United States v. Rashad*, 687 F.3d 637, 644 (5th Cir. 2012). Accordingly, the judgment of the district court is AFFIRMED. *See Gall*, 552 U.S. at 51; *Delgado-Martinez*, 564 F.3d at 753.