# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50760
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 23, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAMON CARRILLO-ORTIZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:13-CR-135-1

Before HIGGINBOTHAM, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Ramon Carrillo-Ortiz was convicted of illegal reentry into the United States and was sentenced to serve 41 months in prison and a three-year term of supervised release. Now, he argues that his sentence is substantively unreasonable.

We typically review the substantive reasonableness of a sentence for an abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). However,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50760

when, as is the case here, the defendant does not object to his sentence, then his appellate claims are reviewed for plain error only. *See United States v. Peltier*, 505 F.3d 389, 390-92 (5th Cir. 2007). To meet this standard, Carrillo-Ortiz must show an error that was clear or obvious and affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error, but we will do so only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks, brackets, and citation omitted). This standard has not been met.

The presumption of reasonableness afforded a within-guidelines sentence such as Carrillo-Ortiz's "is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). Carrillo-Ortiz has not made this showing.

First, he avers that he would have had a much lower guidelines range had he been convicted of the unauthorized use charge originally brought against him, rather than the theft offense to which he pleaded. He argues that his sentence is substantively unreasonable because the district court failed to accord proper weight to this fact. This argument amounts to little more than a disagreement with the propriety of his sentence, which does not show unreasonableness. *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010). His second argument, that the theft conviction's staleness resulted in an unreasonable sentence, is also unavailing, as "the staleness of a prior conviction used in the proper calculation of a guidelines-range sentence does not render a sentence substantively unreasonable and does not destroy the

No. 13-50760

presumption of reasonableness that attaches to such sentences." *See United States v. Rodriguez*, 660 F.3d 231, 234 (5th Cir. 2011).

Finally, as Carrillo-Ortiz concedes, his argument that the presumption of reasonableness should not be applied to his sentence because U.S.S.G. § 2L1.2 lacks an empirical basis is foreclosed. *See United States v. Duarte*, 569 F.3d 528, 530-31 (5th Cir. 2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009).

The judgment of the district court is AFFIRMED.