# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-51185
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 18, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALBERTO VASQUEZ-DIAZ, also known as Alberto Vasquez,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:13-CR-693-1

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Alberto Vasquez-Diaz appeals the 57-month sentence imposed following his guilty plea conviction for illegal reentry following prior removal. He argues that his sentence, which is within the applicable Guidelines range, is greater than necessary to meet the sentencing goals of 18 U.S.C. § 3553(a). Vasquez-Diaz contests the application of U.S.S.G. § 2L1.2 on the ground that it is not empirically based and results in convictions being double-counted even if the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conviction is, like his, remote.  He further asserts that the Guidelines do not account for the nonviolent nature of his offense, which he maintains is an international trespass.  Vasquez-Diaz also argues that the district court did not account for his personal history and the circumstances of the offense.

Vasquez-Diaz did not object to the reasonableness of his sentence.  Thus, our review is for plain error.  *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).  Even under the ordinary standard of review, however, he has not shown that his sentence was unreasonable.

We have rejected Vasquez-Diaz's contention that a within-Guidelines sentence is unreasonable because Section 2L1.2 lacks an empirical basis and double-counts prior convictions.  *See United States v. Duarte*, 569 F.3d 528, 529-30 (5th Cir. 2009).  Moreover, Vasquez-Diaz's sentence is not rendered unreasonable because of the alleged remoteness of his prior conviction.  *See United States v. Rodriguez*, 660 F.3d 231, 234 (5th Cir. 2011).  Also, we are not persuaded by the contention that the Sentencing Guidelines do not take into account the nonviolent nature of an illegal reentry offense.  *See United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006).

With regard to Vasquez-Diaz's claim that his sentence did not reflect his personal circumstances, the district court considered his allocution in which he addressed his personal history and also reviewed and adopted the presentence report, which set forth his background and the circumstances of the offense. The district court found that the sentence imposed was proper, and we must defer to the district court's sentencing decision. *See Gall v. United States*, 552 U.S. 38, 49-51 (2007).  Vasquez-Diaz has not demonstrated that the district court's presumptively reasonable choice of sentence was incorrect.  *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

AFFIRMED.