# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50615
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 28, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ENOC RAMIREZ-GARCIA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:13-CR-1314-1

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Enoc Ramirez-Garcia appeals the sentence imposed for his conviction for illegal reentry into the United States. He contends that his sentence is substantively unreasonable because it is greater than necessary to accomplish the sentencing goals under 18 U.S.C. § 3553(a). The district court sentenced him to 46 months of imprisonment, which corresponded to the bottom of his advisory guidelines range, and three years of supervised release.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50615

The substantive reasonableness of a sentence is reviewed under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). Because Ramirez-Garcia's sentence is within his advisory guidelines range, his sentence is presumptively reasonable. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008). Ramirez-Garcia wishes to preserve for further review the argument that the presumption of reasonableness should not apply to within-guidelines sentences calculated under U.S.S.G. § 2L1.2 because § 2L1.2 lacks an empirical basis. As conceded by him, such an argument is foreclosed by our precedent. *See United States v. Rodriguez*, 660 F.3d 231, 232-33 (5th Cir. 2011).

Ramirez-Garcia argues that his sentence is greater than necessary because § 2L1.2 lacks empirical support and effectively double counts a defendant's criminal history through enhancements, such as his 16-level drug-trafficking enhancement, that are based on prior convictions. He further contends that his sentence overstates the seriousness of his instant illegal reentry offense and fails to account for the fact that this offense was his first illegal reentry into the United States; he had a limited criminal history; he had a history of agricultural work and reentered the United States to earn more money to assist his ailing mother; and his 46-month sentence is substantially longer than the sentence he received for his prior drug-trafficking conviction.

We have rejected the argument that a sentence based on § 2L1.2 is substantively unreasonable because § 2L1.2 lacks empirical support or effectively double counts a defendant's criminal history. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009). Ramirez-Garcia's remaining arguments concerning the § 3553(a) factors do not rebut the presumption of reasonableness applicable to his sentence. *See Gomez-Herrera*, 523 F.3d at 565-66; *United States v. Juarez-Duarte*, 513 F.3d 204, 212 (5th Cir. 2008). The

No. 14-50615

district court listened to his arguments for a lesser sentence but found that a 46-month sentence was appropriate. "[T]he sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant." *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008). Ramirez-Garcia has not shown that his sentence is substantively unreasonable.

AFFIRMED.