# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-50270
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 11, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

DANIEL CRUZ-ZAVALA,

Defendant - Appellant

Consolidated with
No. 15-50271

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

JOSE FIDENCIO ZAVALA-ESTRADA

Defendant - Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 2:14-CR-779-1
USDC No. 2:14-CR-1438-1

No. 15-50270
c/w No. 15-50271

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:[*]

In this consolidated criminal case, Daniel Cruz-Zavala, a/k/a Jose Fidencio Zavala-Estrada (Cruz-Zavala) appeals the sentences imposed following his being found illegally in the United States and revocation of his supervised release. In the new illegal reentry case, the district court imposed a 30-month term of imprisonment and a three-year period of supervised release. For the supervised release violation, the district court required Cruz-Zavala to serve a consecutive 18-month term of imprisonment with no additional period of supervised release. Cruz-Zavala contends that the combined 48-month sentence of imprisonment is substantively unreasonable.

A sentence imposed within a properly calculated sentencing guidelines range is presumed to be reasonable, and we will infer that, in imposing such a sentence, the judge "considered all the factors for a fair sentence set forth in the Guidelines." *United States v. Mares*, 402 F.3d 511, 519-20 (5th Cir. 2005). Although his sentences were within the guidelines range, Cruz-Zavala contends that we should not presume that they were substantively reasonable because the guideline applied by the district court is not empirically based. He concedes that this contention is foreclosed and that he raises the issue only to preserve it for further review. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 & n.7 (5th Cir. 2009).

Cruz-Zavala's complaint on appeal is essentially that his prior convictions were double-counted unreasonably because they were considered in determining his offense level for the new illegal reentry offense and for his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

criminal history score as well.  This contention is foreclosed.  *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009); *see also United States v. Miller*, 665 F.3d 114, 121 (5th Cir. 2011) ("[W]e will not reject a Guidelines provision as 'unreasonable' or 'irrational' simply because it is not based on empirical data and even if it leads to some disparities in sentencing.").  Cruz-Zavala's contention that one prior conviction was improperly considered because of its age is without merit.  *See United States v. Rodriguez*, 660 F.3d 231, 234 (5th Cir. 2011) ("[T]he staleness of a prior conviction used in the proper calculation of a guidelines-range sentence does not render a sentence substantively unreasonable and does not destroy the presumption of reasonableness that attaches to such sentences.").

Cruz-Zavala has failed to rebut the presumption of reasonableness accorded to his within-guidelines sentence.  *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).  His claim that the sentence was not lenient enough does not show that the sentence (1) did not account for a factor that should receive significant weight, (2) gave significant weight to an irrelevant or improper factor, or (3) reflected a clear error of judgment in balancing sentencing factors.  *See id.*  We note that the district court made several decisions that resulted in a more lenient sentence and stated that it would have imposed the same sentence if it had sustained all of Cruz-Zavala's objections.

AFFIRMED.