# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

────────

No. 15-41050
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 30, 2016

Lyle W. Cayce
Clerk

────────

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PEDRO LOPEZ-SALGADO, also known as Nicolas Vargas-Uriostegui,

Defendant-Appellant

────────────

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:14-CR-908-1

────────────

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Pedro Lopez-Salgado argues that the 30-month within-guidelines sentence imposed by the district court following his guilty plea conviction for illegal reentry after prior deportation was greater than necessary to meet the goals of 18 U.S.C. § 3553(a), that U.S.S.G. § 2L1.2 is not empirically based, and that the 12-level enhancement for his prior alien transportation conviction was

────────────

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-41050

too severe.  He further asserts that his illegal reentry did not pose a danger to others.

The within-guidelines sentence is entitled to a presumption of reasonableness.  *See United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008).  After considering Lopez-Salgado's arguments, the district court determined that a sentence within the advisory guidelines range was appropriate based on Lopez-Salgado's repeated removals from, and reentries into, this country.  Lopez-Salgado's benign motive for returning to this country is insufficient to rebut the presumption of reasonableness.  *See United States v. Gomez-Herrera,* 523 F.3d 554, 565-66 (5th Cir. 2008).  His argument regarding the staleness of his prior alien transportation conviction is likewise insufficient.  *See United States v. Rodriguez,* 660 F.3d 231, 234-35 (5th Cir. 2011).  Further, we have rejected the argument that § 2L1.2's purported lack of an empirical basis necessarily renders a sentence under it unreasonable, *see United States v. Duarte,* 569 F.3d 528, 529-31 (5th Cir. 2009), and that § 2L1.2 overstates the seriousness of the offense.  *See United States v. Juarez-Duarte*, 513 F.3d 204, 212 (5th Cir. 2008).

Lopez-Salgado's argument that the sentence is greater than necessary to meet the goals of § 3553(a) amounts to a disagreement with the district court's balancing of the sentencing factors, and we will not reweigh those factors.  *See Gall v. United States*, 552 U.S. 38, 51-52 (2007).  He has failed to rebut the presumption of reasonableness.  *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

AFFIRMED.