# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-50514
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 10, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HECTOR VELARDO-BENITEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:16-CR-13-1

Before DAVIS, BENAVIDES, and OWEN, Circuit Judges.

PER CURIAM:[*]

Hector Velardo-Benitez appeals the sentence imposed for his conviction for illegal reentry into the United States. He contends that his sentence is substantively unreasonable because it is greater than necessary to accomplish the sentencing goals under 18 U.S.C. § 3553(a). The district court sentenced him to 46 months of imprisonment, which corresponded to the bottom of his advisory guidelines range, and three years of supervised release.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-50514

The substantive reasonableness of a sentence is ordinarily reviewed under an abuse-of-discretion standard, but plain error review applies here because Velardo-Benitez did not object in the district court to his sentence as substantively unreasonable. *See United States v. Heard*, 709 F.3d 413, 425 (5th Cir. 2013). Velardo-Benitez acknowledges as much, but he wishes to preserve for further review the argument that the plain error standard should not apply merely based on the absence of an objection to the substantive reasonableness of the sentence upon its imposition.

Because Velardo-Benitez's sentence is within his advisory guidelines range, his sentence is presumptively reasonable. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008). The presumption of reasonableness "is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). Velardo-Benitez also wishes to preserve for further review the argument that the presumption of reasonableness should not apply to within-guidelines sentences calculated under U.S.S.G. § 2L1.2 because § 2L1.2 lacks an empirical basis. As conceded by him, such an argument is foreclosed by our precedent. *See United States v. Rodriguez*, 660 F.3d 231, 232-33 (5th Cir. 2011).

Velardo-Benitez argues that his guidelines range was too high because § 2L1.2 lacks empirical support and effectively double counts a defendant's criminal history. He further asserts that his sentence overstates the seriousness of his illegal reentry offense, which he characterizes as an international trespass; his motivation in returning to the United States was assisting with his mother's overwhelming medical expenses; and he presented

No. 16-50514

a compelling argument that he would not return to the United States in the future.

We have rejected the argument that a sentence based on § 2L1.2 is substantively unreasonable because § 2L1.2 lacks empirical support or effectively double counts a defendant's criminal history. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009). Velardo-Benitez's remaining arguments concerning the § 3553(a) factors do not rebut the presumption of reasonableness applicable to his sentence. *See Gomez-Herrera*, 523 F.3d at 565-66; *United States v. Juarez-Duarte*, 513 F.3d 204, 212 (5th Cir. 2008).

The district court listened to his arguments for a lesser sentence but found that a 46-month sentence, set to run consecutively to his 12-month revocation sentence in a separate case, was appropriate. In doing so, the district court specifically noted Velardo-Benitez's criminal history, his prior deportations and illegal reentries into the United States, and his continued commission of crimes in recent years. "[T]he sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant." *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008). Velardo-Benitez's sentence was not an abuse of discretion, much less plainly erroneous.

To the extent that Velardo-Benitez seeks to raise a separate challenge to the 12-month revocation sentence the district court imposed in another case, that matter is not before us here because Velardo-Benitez's notice of appeal in this case did not encompass the revocation judgment.

AFFIRMED.