# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-50789
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 24, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JORGE FELIPE PAYAN-MORALES,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:17-CR-897-1

Before KING, SOUTHWICK, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Jorge Felipe Payan-Morales appeals the 30-month prison sentence imposed following his guilty-plea conviction for illegally reentering the United States in violation of 8 U.S.C. § 1326. For the first time on appeal, he argues that his sentence is substantively unreasonable because it is greater than necessary to comply with the purposes of 18 U.S.C. § 3553(a). In particular, Payan-Morales argues that the structure of U.S.S.G. § 2L1.2, the illegal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reentry Guideline, produced a sentencing range that was greater than necessary because it double counted his prior convictions, placed too much emphasis on convictions that occurred when he was young, exaggerated his risk of recidivism, overstated the danger he posed, and gave insufficient consideration to the nature of his particular reentry offense.  In light of the structure of § 2L1.2, Payan-Morales contends that the district court had a heightened responsibility to assure that a reasonable sentence under § 3553(a) was imposed.  He argues that the court clearly erred by failing to account for many § 3553(a) factors, including the nonviolent nature of his offense; his hard work in building a business when he reentered this country; his responsible and conscientious conduct; how he had matured and become a contributing member of society; the threats and physical violence he suffered in Mexico before his reentry; and his desire to protect his family and seek safety in the United States.

"We generally review the substantive reasonableness of a sentence for abuse of discretion under the totality of the circumstances." *United States v. Heard*, 709 F.3d 413, 425 (5th Cir. 2013).  However, when the defendant does not object in the district court to the reasonableness of a sentence, we apply plain-error review.  *Id.*  It is unnecessary for us to decide the standard of review in this case because Payan-Morales has not shown error, plain or otherwise.

We have previously held that a within-Guidelines sentence calculated under § 2L1.2 is presumptively reasonable despite the fact that § 2L1.2 counts a defendant's criminal history twice.  *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009).  Also, Payan-Morales's sentence is not rendered unreasonable by the remoteness of his prior convictions, *see United States v. Rodriguez*, 660 F.3d 231, 234 (5th Cir. 2011), or by the nature of his illegal-reentry offense, *see United States v. Juarez-Duarte*, 513 F.3d 204, 212 (5th Cir.

2008).  It is further unavailing for Payan-Morales to argue that his benign motives for reentering the United States compelled a lesser sentence.  *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).

The record reflects that the district court made an individualized assessment of the sentencing factors, considered all of Payan-Morales's arguments for a below-Guidelines sentence, balanced them with the § 3553(a) factors, and concluded that a sentence at the bottom of the Guidelines range was fair and reasonable.  Given the presumption of reasonableness applicable to a within-Guidelines sentence on appellate review and the deference owed to the district court's weighing of the § 3553(a) factors, Payan-Morales's arguments do not show that the district court erred, plainly or otherwise, in selecting a sentence at the bottom of the Guidelines range.  *See Heard*, 709 F.3d at 424-25; *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008).

AFFIRMED.